UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAY'S DISTRIBUTING CO. INC., ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) )  Case No: 2:06-CV-702 |
| TOTAL CONTAINMENT, INC., et al | ) ) ) |
| Defendants. | ) |

**DEFENDANTS, DAYCO PRODUCTS, LLC, AND MARK IV
INDUSTRIES, LTD'S., ANSWER AND DEFENSES TO PLAINTIFFS'
FOURTH AMENDED COMPLAINT AND CLASS DEFINITION**

**NOW INTO COURT**, through undersigned counsel, come defendants, Dayco Products, LLC, and Mark IV Industries, Ltd. (collectively "Dayco"), who respond to the plaintiffs', May's Distributing Company, Inc. and all others similarly situated ("plaintiffs"), Fourth Amended Complaint and Class Definition as follows:

**Parties**

1. The allegations of paragraph 1 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein. Dayco specifically denies that May's has standing to bring this action on behalf of "similarly situated motor fuel dispensing facility owners."

2. The allegations of paragraph 2 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of information to justify a belief therein.

3. The allegations of paragraph 3 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

1

4. The allegations of paragraph 4 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

5. The allegations of paragraph 5 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of information to justify a belief therein.

6. The allegations of paragraph 6 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

7. The allegations of paragraph 7 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

## Jurisdiction and Venue

8. The allegations of paragraph 8 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

9. The allegations of paragraph 9 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

10. The allegations of paragraph 10 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

## Statement of Facts

11. The allegations of paragraph 11 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

12. The allegations of paragraph 12 of plaintiffs' Fourth Amended Complaint and Class Definition are denied. Dayco specifically denies that the hoses were at all similar and specifically denies that they were in any way defective.

13. The allegations of paragraph 13 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

14. The allegations of paragraph 14 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

15. The allegations of paragraph 15 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

16. The allegations of paragraph 16 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

17. The allegations of paragraph 17 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

18. The allegations of paragraph 18 of plaintiffs' Fourth Amended Complaint and Class Definition are denied, except to admit that Cleveland Tubing was an independent manufacturer. Cleveland Tubing was solely responsible for the quality of the hose it provided to Dayco, including quality control, supervision and care for the hose. TCI, through Homer Holden, was responsible for the manufacturing of the hose.

19. The allegations of paragraph 19 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

20. The allegations of paragraph 20 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

21. The allegations of paragraph 21 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

22. The allegations of paragraph 22 of plaintiffs' Fourth Amended Complaint and Class Definition are denied, except to admit that TCI did voluntarily replace some hoses where the cover had degraded due to misuse of the hose.

23. The allegations of paragraph 23 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

24. The allegations of paragraph 24 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

25. The allegations of paragraph 25 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

26. The allegations of paragraph 26 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

27. The allegations of paragraph 27 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

28. The allegations of paragraph 28 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

29. The allegations of paragraph 29 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

## Class Action Allegations

30. The allegations of paragraph 30 of plaintiffs' Fourth Amended Complaint and Class Definition are denied and Dayco specifically denies that plaintiff May's has standing to bring this action on behalf of a class of similarly situated persons and/or entities.

31. The allegations of paragraph 31 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

32. The allegations of paragraph 32 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

33. The allegations of paragraph 33 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

34. The allegations of paragraph 34 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

35. The allegations of paragraph 35 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

36. The allegations of paragraph 36 of plaintiffs' Fourth Amended Complaint and Class Definition are denied. Dayco specifically denies that a class action is the superior method for adjudication of this controversy.

37. The allegations of paragraph 37 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

**Class Definition**

38.     The allegations of paragraph 38 of plaintiffs' Fourth Amended Complaint and Class Definition are denied. Dayco specifically denies that a class action is the superior method for adjudication of this controversy.

**Negligence**

39.     Dayco adopts and re-alleges its responses to paragraphs 1-38.

40.     The allegations of paragraph 40 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

41.     The allegations of paragraph 41 of plaintiffs' Fourth Amended Complaint and Class Definition are denied.

42.     The allegations of paragraph 42 of plaintiffs' Fourth Amended Complaint and Class Definition are denied for lack of sufficient information to justify a belief therein.

The Prayer for Relief is denied.

**FIRST DEFENSE**

Dayco, in specific response to the allegations of plaintiffs' Fourth Amended Complaint and Class Definition, avers as follows:

**SECOND DEFENSE**

The Amended Complaint fails to state a cause of action against Dayco upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs' injuries and damages, if any, were caused, in whole or in part, by plaintiffs' own fault.

**FOURTH DEFENSE**

Dayco is not, at this time, aware of any acts of omissions on the part of any defendant in this action which caused or contributed to plaintiffs' alleged injuries and damages. To the extent any acts or omissions caused or contributed to the plaintiffs' alleged injuries and damages, such acts or omissions were those of plaintiffs, other defendants, and/or non-parties for whom Dayco is not responsible.

**FIFTH DEFENSE**

Plaintiffs' claims against Dayco are barred by superseding and/or intervening causes and/or an unavoidable accident.

**SIXTH DEFENSE**

Plaintiffs' claims against Dayco are barred by the applicable statue of limitations and/or statute of repose.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred because there is no causal connection or relationship between the alleged actions or inactions of Dayco and plaintiffs' alleged damages or injuries.

**EIGHT DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because there was and is no privity of contract between plaintiffs and Dayco.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, from recovery to the extent it has previously released or compromised said claims.

### TENTH DEFENSE

Dayco denies that plaintiffs reasonably or justifiably relied upon any alleged misrepresentation or omission by Dayco.

### ELEVENTH DEFENSE

Dayco denies that plaintiffs were injured or harmed by any alleged act or omission of Dayco.

### TWELFTH DEFENSE

Plaintiffs failed to mitigate their damages or to protect themselves from avoidable consequence, which failure bars or reduces any recovery by plaintiff herein.

### THIRTEENTH DEFENSE

If some or all of the defendants are found to be jointly responsible for the injuries alleged, the liability of such defendants must be limited in accordance with applicable law governing contribution and/or indemnity. Furthermore, Dayco specifically denies that it is jointly liable with any other defendant.

### FOURTEENTH DEFENSE

Dayco is entitled to a set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by or on behalf of plaintiffs from other parties or non-parties to this action, with respect to the alleged injuries contemplated by the Amended Complaint. Dayco is also entitled to have any damages that may be awarded to plaintiffs reduced by the value of any benefit or payment to plaintiffs, or to any entity acting on plaintiffs' behalf, from any collateral sources.

**FIFTEENTH DEFENSE**

If the product allegedly involved in this action was defective or unreasonably dangerous (which Dayco denies), then plaintiffs were aware thereof and unreasonably proceeded to make use of the produce in that condition.

**SIXTEENTH DEFENSE**

Plaintiffs have failed to join all necessary and/or indispensable parties.

**SEVENTEENTH DEFENSE**

Dayco specifically avers that its product possessed no characteristic which rendered it unreasonably dangerous in a reasonably anticipated use.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred by failure and want of consideration.

**NINETEENTH DEFENSE**

Dayco made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Dayco specifically denies, then plaintiffs failed to give timely notice of any breach thereof and failed to plead notice.

**TWENTIETH DEFENSE**

Plaintiffs did not directly or indirectly purchase any product or material from Dayco, and plaintiffs never received or relied upon any representation allegedly made by this Defendant.

**TWENTY-FIRST DEFENSE**

The State of the Art Defense bars, in whole or in part, plaintiffs' cause of action based upon defective design because any and all Dayco components, parts or materials allegedly used by the plaintiffs conformed with the state of the art of scientific and technical knowledge and other circumstances that existed at the time they were manufactured.

**TWENTY-SECOND DEFENSE**

To the extent that plaintiffs failed to maintain or preserve the subject pipe referred to in plaintiff's Amended Complaint and its immediate post-incident condition, plaintiffs are guilty of the spoliation of evidence and may not maintain any action against Dayco.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims, in whole or in part, are barred as the plaintiffs altered, modified, abused, and/or misused the TCI system and/or the product or products at issue.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of laches, waiver and/or estoppel.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are preempted by federal law and/or regulations.

### TWENTY-SIXTH DEFENSE

Any allegedly defective and unreasonably dangerous conditions in the products described by plaintiffs were open and obvious to plaintiffs, and therefore, any recovery by plaintiffs is barred.

### TWENTY-SEVENTH DEFENSE

The assumption of the risk by plaintiffs caused or contributed to plaintiffs' alleged damages, and therefore, any recovery by plaintiffs is barred.

### TWENTY-EIGHTH DEFENSE

The products described by plaintiffs were not in the same condition at the time of the events, injuries, and damages alleged, as when they left the custody and possession of the manufacturer, and therefore, any recovery by plaintiffs is barred.

### TWENTY-NINTH DEFENSE

All alleged acts of Dayco at the time of manufacture, sale, or distribution of the products described by plaintiffs were in compliance with applicable statutes and regulations relating to design or performance, and therefore, any recovery by plaintiffs is barred.

### THIRTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

### THIRTY-FIRST DEFENSE

Dayco denies that it designed, manufactured, and/or sold the products of which plaintiffs complain.

## THIRTY-SECOND DEFENSE

Plaintiffs cannot recover against Dayco, in whole or in part, because these defendants are entitled to a setoff for the benefit or value of the plaintiffs' use of the products at issue.

## THIRTY-THIRD DEFENSE

Plaintiffs cannot recover against Dayco for the reasons that the products at issue were reasonably safe when they left the custody and control of the manufacturer, no practical or feasible alternative product was in existence, and any harmful component of the product was an inherent characteristic of the product that could not be eliminated without substantially compromising the products' usefulness and effectiveness.

## THIRTY-FOURTH DEFENSE

The plaintiffs were and are sophisticated users of the flex pipe. They have years of experience using the product and yet failed to properly maintain it.

## THIRTY-FIFTH DEFENSE

The plaintiffs breached the warranty for the flex pipe. They failed to follow the instructions for proper installation and use of the product.

## THIRTY-SIXTH DEFENSE

Dayco was merely component part manufacturers. Dayco did not design the TCI system.

## THIRTY-SEVENTH DEFENSE

Dayco adopts and incorporates herein by reference any affirmative defense asserted by any other Defendant to this action, to the extent such affirmative defense applies to Dayco.

## AMENDMENTS

Dayco reserves the right to amend its answer by adding defenses, counterclaims, cross-claims or by instituting third-party demands as additional facts are obtained through investigation and discovery. Dayco preserves, and does not waive, any of the affirmative defenses under Alabama law or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**WHEREFORE,** defendants, Dayco Products, LLC, and Mark IV Industries, Ltd. respectfully request that their answer and defenses to Plaintiffs' Fourth Amended Complaint and Class Definition be deemed sufficient, and that after due proceedings are had herein, there be judgment in their favor, dismissing the Fourth Amended Complaint and Class Definition with prejudice and all at the sole cost of plaintiffs, including all expert fees and court costs.

Respectfully submitted,

/s/ Brian Mosholder
BRIAN MOSHOLDER (MOS-018)
Carpenter, Ingram & Mosholder, LLP
4121 Carmichael Road – Suite 303
Montgomery, AL  36106
Telephone (334) 213-5600


/s/ Myron Penn
MYRON PENN
Penn & Seaborn, Llc
P.O. Box 688
Clayton, AL 36106

*Attorneys for Defendants,*
*Dayco Products, LLC, and*
*Mark IV Industries, Ltd*

# C E R T I F I C A T E

      I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record and the Circuit Court of Bullock County, Alabama by placing same in the United States mail, postage prepaid and properly addressed, this 11th day of August 2006.

**ATTORNEYS FOR PLAINTIFF:**

Lynn Jinks
Christy Crow
JINKS, DANIEL & CROW, LLC
P.O. Box 350
Union Springs, AL 36089

Russell Jackson Drake
Nicola Thompson Drake
WHATLEY DRAKE & KALLAS, LLC
P.O. Box 10647
Birmingham, AL 35202-0647

Wesley L. Laird
LAIRD, BAKER & BLACKSTOCK
501 North Main Street
Opp, AL 36467

L. Cooper Rutland, Jr.
RUTLAND AND BRASWELL, LLC
208 North Prairie Street
Union Springs, AL 36089

**ATTORNEYS FOR TICONA POLYMERS, INC.**

Alan T. Rogers
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306

Paul A. Clark
Balch & Bingham, LLP
P.O. Box 78
Montgomery, AL 36101

Paul M. O'Conner, III
Seth A. Moskowitz
Jon Avins
KASOWITZ, BENSON, TORRES
& FRIEDMAN
1633 Broadway
New York, NY 10019-6799

Walter B. Calton
P.O. Box 696
Eufaula, AL 36072-0696

**ATTORNEYS FOR CLEVELAND TUBING, INC.**

James H. McLemore
Capell & Howard
P.O. Box 2069
Montgomery, AL 36102

T. Harold Pinkley
MILLER & MARTIN, LLP
1200 First Union Tower
150 Fourth Avenue North
Nashville, TN 37219

Lynda M. Hill
James Williams
MILLER & MARTIN, PLLC
Suite 1000, Volunteer Bldg.
832 Chattanooga, TN 37402

1

**ATTORNEYS FOR DAYCO PRODUCTS, INC. AND MARK IV INDUSTRIES, LTD.**

Kimberly W. Sayoc
LIPPES, SILVERSTEIN, MATHIAS & WEXLER
665 Main Street #300
Buffalo, NY 14203

Jim Blazek
Adams and Reese, LLP
One Shell Square
701 Poydras Str., Ste. 4500
New Orleans, LA 70139

**ATTORNEYS FOR UNDERWRITERS LABORATORIES, INC.**

Walter E. McGowen
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL 36083-0239

Charles Donald Marshall, III
John Olinde
Brent Arnold Talbot
Robert S. Rooth
CHAFFE, McCALL, PHILLIPS, TOLER & SARPY
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

/s/ Brian Mosholder
*Attorney for Defendants*

2