IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAY'S DISTRIBUTING COMPANY, INC. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No: 2:06-cv-00702-DRB |
| v. ) | |
| ) | |
| TOTAL CONTAINMENT, INC., et al., ) | |
| ) | |
| **Defendants.** ) | |

**ANSWER OF DEFENDANT CLEVELAND TUBING, INC.
TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendant Cleveland Tubing Inc., ("Cleveland Tubing"), by and through counsel, for its answer to the allegations of the Fourth Amended Complaint and Class Definition ("Complaint"), alleges and says as follows:

**Parties**

1.      This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1; therefore, the allegations are denied.

2.      This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2; therefore, the allegations are denied.

3.      This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3; therefore, the allegations are denied.

4.      This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4; therefore, the allegations are denied.

5.      This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5; therefore, the allegations are denied.

6. With regard to the allegations of Paragraph 6 of the Complaint, Cleveland Tubing, admits that it is a foreign corporation incorporated under the laws of Tennessee and that it does business in the State of Alabama. Cleveland Tubing admits that it has manufactured and sold component parts of flexible pipe provided and/or sold to TCI from 1990 to 1999. All other allegations in Paragraph 7 not expressly admitted are hereby denied.

7. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6; therefore, the allegations are denied.

### Jurisdiction and Venue

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. The allegations contained in Paragraph 9 of the Complaint are admitted.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

### Statement of Facts

11. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11; therefore, the allegations are denied.

12. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12; therefore, the allegations are denied.

13. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13; therefore, the allegations are denied.

14. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14; therefore, the allegations are denied.

15. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15; therefore, the allegations are denied.

16. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16; therefore, the allegations are denied.

17. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17; therefore, the allegations are denied.

18. With regard to the allegations of Paragraph 18, Cleveland Tubing admits that it contracted with Dayco to manufacture the inner part of the referenced primary pipe; that Cleveland Tubing relied on Dayco regarding the manufacturing process for the referenced primary pipe; that Dayco provided Cleveland Tubing with supervision and oversight regarding the manufacturing process of the referenced primary pipe; that Cleveland Tubing manufactured the referenced primary pipe for Dayco through 1997; and that Cleveland Tubing manufactured the referenced primary pipe for TCI through 1999. To the extent that the allegations in Paragraph 18 may be interpreted to state that the flexible pipe manufactured by Cleveland Tubing and sold to Dayco or TCI was defective, such allegations are denied. With regard to the remaining allegations of Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations; therefore, the allegations are denied.

19. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19; therefore, the allegations are denied.

20. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20; therefore, the allegations are denied.

21. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21; therefore, the allegations are denied.

22. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22; therefore, the allegations are denied.

23. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23; therefore, the allegations are denied.

24. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24; therefore, the allegations are denied.

25. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25; therefore, the allegations are denied.

26. This Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26; therefore, the allegations are denied.

27. To the extent the allegations in Paragraph 27 of the Complaint may be interpreted to state that the flexible pipe manufactured by Cleveland Tubing and sold to Dayco or TCI was defective, such allegations are denied. With regard to the remaining allegations of Paragraph 27, this Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations; therefore, the allegations are denied.

28. The allegations in Paragraph 28 of the Complaint are denied.

29. The allegations in Paragraph 29 of the Complaint are denied.

## Class Action Allegations

30. This Defendant denies that this action is appropriate for treatment as a class action.

31. The allegations contained in Paragraph 31 are denied.

32. This Defendant denies that there are questions of fact and law common to the class, and denies the subparagraphs set out in Paragraph 32 of the Complaint.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

### Class Definition

38. This Defendant denies that certification is appropriate for the class identified in Paragraph 38 of the Complaint; therefore, the allegations in Paragraph 38 of the Complaint are denied.

### Negligence

39. This Defendant incorporates by reference herein its admissions, denials, and averments contained in Paragraphs 1 through 38 of this Answer.

40. The allegations of Paragraph 40, as they relate to Cleveland Tubing, are denied. The remaining allegations are not directed against this Defendant; therefore, no response is required.

41. The allegations of Paragraph 41, as they relate to Cleveland Tubing, are denied. The remaining allegations are not directed against this Defendant; therefore, no response is required.

42. Any allegation not heretofore admitted, denied or explained shall be deemed denied. This Defendant denies that Plaintiff is entitled to any of the relief sought in its prayer for relief.

### First Affirmative Defense

43. The Plaintiff is contributorily or comparatively negligent, thereby barring any recovery, in whole or in part, against this Defendant.

## Second Affirmative Defense

44. The damages alleged in the Complaint, all of which are denied, were the proximate result of intervening or superseding events, were not the approximate cause of any conduct of this Defendant, and thereby Plaintiff is barred from any recovery against this Defendant.

## Third Affirmative Defense

45. The Plaintiff has failed to mitigate its damages, if any, against this Defendant.

## Fourth Affirmative Defense

46. This Defendant has conducted all of its operations in accordance with industry standards, government requirements, and the prevailing state of the art.

## Fifth Affirmative Defense

47. This Defendant has conducted all of its operations reasonably, in good faith, and with the skill, prudence and diligence exercised by others in the industry.

## Sixth Affirmative Defense

48. The Plaintiff's claims, or some of them, are barred in whole or in part by the doctrines of estoppel, waiver, and/or laches.

## Seventh Affirmative Defense

49. The Plaintiff's claims, or some of them, are barred in whole or in part by the Plaintiff's assumption of the risk.

## Eighth Affirmative Defense

50. The Plaintiff's claims are barred, in whole or in part, by misuse.

### Ninth Affirmative Defense

51.  The Plaintiff's claims or some of them, are barred by the Economic-Loss Doctrine.

### Tenth Affirmative Defense

52.  The Plaintiff's claims, or some of them, are barred for lack of causal relation.

**WHEREFORE**, this Defendant demands that the Complaint against it be dismissed and that it be awarded its costs.

Respectfully submitted,

**MILLER & MARTIN PLLC**


s/Lynda M. Hill
T. Harold Pinkley (#9830)
Lynda M. Hill (# 354770)
1200 One Nashville Place
150 4th Avenue North
Nashville, TN 37219
Telephone: (615) 244-9270
Facsimile: (615) 256-8197


**CAPELL & HOWARD, P.C.**

James H. McLemore
150 South Perry Street
Montgomery, AL 36104-4045
(234)241-8058
FAX: (234) 241-8258
*Counsel for Defendant, Cleveland Tubing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**MILLER & MARTIN PLLC**

**s/Lynda M. Hill**
T. Harold Pinkley (#9830)
Lynda M. Hill (# 354770)
1200 One Nashville Place
150 4th Avenue North
Nashville, TN 37219
(615) 244-9270