UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 16  P 1:38

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| MAY'S DISTRIBUTING CO., INC., ET AL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 2:06-CV-702-MEF ) |
| TOTAL CONTAINMENT, INC., ET AL., | ) ) ) |
| Defendants. | ) |

**UNDERWRITERS LABORATORIES, INC.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT AND CLASS DEFINITION**

Defendant Underwriters Laboratories, Inc. ("UL") hereby answers the specific allegations of Plaintiff's Fourth Amended Complaint ("Complaint") as follows:

Parties

1.

UL admits that May's purports to bring this suit individually and on behalf of "all similarly situated motor fuel dispensing facility owners" but UL denies this purported class action is a proper class action and denies that it meets Rule 23 requirements. UL is without knowledge or information to form a belief sufficient to admit or deny the remaining allegations in paragraph 1.

2.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.

UL admits that it is an independent, not-for-profit company organized under the laws of the State of Delaware that develops minimum product safety requirements and tests products for compliance with them. UL admits that it developed UL Standard 971 which includes a testing protocol for flexible pipe. The remaining allegations in paragraph 7 are denied.

## Jurisdiction and Venue

8.

The allegations in paragraph 8 purport to state a legal conclusion which requires no response from UL.

9.

Due to the vagueness of the phrase "directly, indirectly or by agent" UL cannot meaningfully respond to that allegation and UL therefore denies the allegations in paragraph 9.

10.

UL denies the allegations in paragraph 10.

Statement of Facts

11.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.

UL denies that it certifies or certified the efficacy of the gasoline-carrying flex pipe. UL lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13.

14.

The allegations in paragraph 14 are denied.

15.

The allegations in paragraph 15 are denied.

16.

In response to the allegations in paragraph 16, UL states that the permeation level for primary piping in the 1995 version of UL Standard 971 is .013 ounce/foot$^2$/day (4 grams/meter$^2$/day). UL admits that the 1995 version of UL 971 did not require external fuel immersion testing for the primary pipe. The remaining allegations in paragraph 16 are denied.

17.

UL admits that members of industry including manufacturers participated in the development of the UL 971 Standard and that UL regularly communicated with these members. UL admits that employees of Dayco have visited UL's facilities. The remaining allegations in paragraph 17 are denied.

18.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.

The allegations in paragraph 19 are denied.

20.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.

The allegations in paragraph 23 are denied.

24.

The allegations in paragraph 24 are denied.

25.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.

UL lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.

UL denies that plaintiff was damaged as a result of defective TCI flexible pipe as alleged in paragraph 28.

29.

The allegations in paragraph 29 are denied.

## Class Action Allegations

30.

UL denies that this action is properly brought as a class action.

31.

UL denies the allegations in paragraph 31 and specifically denies that the requirement of numerosity is satisfied in this case.

32.

UL denies the allegations in paragraph 32.

33.

UL denies the allegations in paragraph 33.

34.

UL denies the allegations in paragraph 34.

35.

UL denies the allegations in paragraph 35.

36.

UL denies the allegations in paragraph 36.

37.

UL denies the allegations in paragraph 37.

## Class Definition

38.

UL denies the allegations in paragraph 38, and UL specifically denies that this purported class action is a proper class action and denies that it meets Rule 23 requirements.

<u>Negligence</u>

39.

UL incorporates and realleges its answer to paragraphs 1 through 38 above as if set forth fully herein.

40.

UL denies the allegations in paragraph 40.

41.

UL denies the allegations in paragraph 41.

42.

UL denies that Plaintiff is entitled to any requested relief from UL.

43.

UL denies all allegations in the Complaint unless those allegations are expressly admitted.

AND NOW, further answering the allegations of the Complaint, UL avers the following affirmative defenses:

<u>FIRST DEFENSE</u>

Plaintiff's Complaint, and each and every count thereof, fails to state a claim against UL upon which relief can be granted.

<u>SECOND DEFENSE</u>

UL is not guilty of the matters and things alleged in Plaintiff's Complaint.

<u>THIRD DEFENSE</u>

UL denies the material allegations in Plaintiff's Complaint and demands strict proof thereof.

## FOURTH DEFENSE

Plaintiff is not entitled to recover attorney's fees and/or costs from UL.

## FIFTH DEFENSE

Plaintiff's injuries and damages, if any, were proximately caused by Plaintiff's contributory negligence.

## SIXTH DEFENSE

Plaintiff is barred from recovery for its injuries and damages, if any, against UL because any alleged injuries suffered by Plaintiff were caused by the acts or omissions of third parties over whom UL has no control.

## SEVENTH DEFENSE

Plaintiff's causes of action against UL are barred by superseding intervening causes.

## EIGHTH DEFENSE

Plaintiff's claims against UL are barred in whole or in part by peremption, statute of limitations, and/or the statute of repose.

## NINTH DEFENSE

Plaintiff is barred from recovery in this action because there is no causal connection or relationship between the alleged actions or inactions of UL and Plaintiff's alleged damages or injuries.

## TENTH DEFENSE

The relief demanded in the Complaint is barred by the doctrine of laches.

## ELEVENTH DEFENSE

Plaintiff lacks standing to maintain this action.

## TWELFTH DEFENSE

Plaintiff's claims are not ripe.

## THIRTEENTH DEFENSE

UL avers that Plaintiff's claims are barred by the statute of frauds, assumption of the risk, lack of privity, res judicata, collateral estoppel, waiver, accord and satisfaction, failure to read, release and/or estoppel, and misuse and/or alteration.

## FOURTEENTH DEFENSE

UL pleads improper venue, or alternatively, that venue would be more appropriate in another forum.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the economic loss rule.

## SIXTEENTH DEFENSE

UL denies that Plaintiff was injured or harmed by any alleged act or omission of UL.

## SEVENTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff failed to mitigate damages.

### EIGHTEENTH DEFENSE

If some or all of the Defendants are found to be jointly responsible for the injuries of Plaintiff, then liability of such Defendants must be limited in accordance with applicable law governing contribution and indemnity.

### NINETEENTH DEFENSE

UL is entitled to setoff for all sums of money recovered by or on behalf of the Plaintiff from other parties or non-parties to this action.

### TWENTIETH DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous (which UL denies), then Plaintiff was aware thereof and unreasonably proceeded to make use of the product in that condition.

### TWENTY-FIRST DEFENSE

The product at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine or strict liability in tort because each of the following:

(1) It had been altered or modified prior to incident and was not in substantially the same condition at that time as when it left the manufacturer or distributor;

(2) The product was not unreasonably dangerous;

(3) The product was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated;

(4) The manufacture and design of the product was well in keeping with the state of the art at the time of the manufacture of the product; and

(5) The product was not unreasonably dangerous because the benefits of the product outweighed any of the attendant risks.

### TWENTY-SECOND DEFENSE

To the extent that Plaintiff failed to maintain or preserve the subject pipe referred to in Plaintiff's Complaint in its immediate post-incident condition, Plaintiff is guilty of the spoliation of evidence and may not maintain any action against UL.

### TWENTY-THIRD DEFENSE

The damages sought by the named Plaintiff on behalf of the alleged class cannot be recovered without specific proof by each alleged class member that he or she has been injured.

### TWENTY-FOURTH DEFENSE

Named Plaintiff has failed to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others. Specifically, UL objects to any such class action certification on the following grounds:

a.) Lack of proper definition or ascertainability of proposed class;

b.) Lack of numerosity;

c.) Lack of commonality of questions of law;

d.) Lack of commonality of questions of fact;

e.) Lack of typicality;

f.) Lack of adequacy of representation;

g.) Lack of the requirements for certification under Rule 23 (b)(1) or 23 (b)(2) of the applicable Rules of Civil Procedure;

    h.)    Lack of the requirements for certification under Rule 23(b)(3) of the applicable Rules of Civil Procedure;

    i.)    Individual issues predominate over common issues;

    j.)    A class action is not superior to other available methods for the fair and efficient adjudication of this controversy;

    k.)    It is undesirable to concentrate the litigation of the claims in Plaintiff's chosen forum;

    l.)    There are difficulties that are likely to be encountered in the management of a class action.

### TWENTY-FIFTH DEFENSE

Named Plaintiff is not a proper class representative and/or has no standing to make claims on behalf of the purported class.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, from recovery to the extent it has previously released or compromised said claims.

### TWENTY-SEVENTH DEFENSE

Plaintiffs have failed to join all necessary and/or indispensable parties.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred as the plaintiffs altered, modified, abused, and/or missed the TCI system and/or the product of products at issue.

### TWENTY-NINTH DEFENSE

UL adopts and incorporates herein by reference any affirmative defense asserted by any other Defendant to this action, to the extent such affirmative defense applies to UL.

### AMENDMENTS

UL reserves the right to amend its answer by adding defenses, counterclaims, crossclaims or by instituting third-party claims as additional facts are obtained through investigation and discovery.

WHEREFORE, Underwriters Laboratories, Inc. respectfully requests that its Answer and Defenses be deemed sufficient and that judgment be rendered in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, and charging Plaintiff with all costs of the proceedings.

Respectfully submitted,

_____
Walter E. McGowan
**Attorney for Defendant**
**Underwriters Laboratories, Inc.**

OF COUNSEL:

GRAY, LANGFORD, SAPP
McGOWAN, GRAY & NATHANSON
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone: 334/727-4830

OF COUNSEL:

Charles D. Marshall, III
John Olinde
Brent A. Talbot
Robert S. Rooth

CHAFFE, McCALL, PHILLIPS,
 TOLER & SARPY
2300 Energy Centre
1100 Pondras Street
New Orleans, Louisiana 70163

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of August, 2006, served a copy of the foregoing pleading on the plaintiff and on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

Lynn Jinks
Christy Crow
JINKS, DANIEL & CROW
Post Office Box 350
Union Springs, Alabama 36089

Paul M. O'Conner, III
Seth A. Moskowitz
Jon Avins
KASOWITZ, BENSON, TORRES
 & FRIEDMAN
1633 Broadway
New York, New York 10019-6799

Russell Jackson Drake
Nicola Thompson Drake
WHATLEY, DRAKE & KALLAS
Post Office Box 10647
Birmingham, Alabama 35202-0647

Walter B. Calton
Post Office Box 696
Eufaula, Alabama 36072-0696

Wesley L. Laird
LAIRD, BAKER & BLACKSTOCK
501 North Main Street
Opp, Alabama 36467

Kimberly W. Sayoc
665 Main Street
Suite 300
Buffalo, New York 14203

L. Cooper Rutland, Jr.
RUTLAND AND BRASSWELL
208 North Prairie Street
Union Springs, Alabama 36089

James H. McLemore
CAPPELL & HOWARD
Post Office Box 2069
Montgomery, Alabama 36102

Alan T. Rogers
BALCH & BINGHAM
Post Office Box 306
Birmingham, Alabama 35201-0306

T. Harold Pinkley
MILLER & MARTIN
1200 First Union Tower
150 Fourth Avenue North
Nashville, Tennessee 37219

Paul A. Clark
BALCH & BINGHAM
Post Office Box 78

Lynda M. Hill
James Williams
MILLER & MARTIN

Montgomery, Alabama 36101

Jim Blazek
ADAMS AND REESE
One Shell Square
701 Poydras Street
Suite 4500
New Orleans, Louisiana 70139

Myron Penn
PENN & SEABORN
Post Office Box 688
Clayton, Alabama 36106

Suite 1000
Volunteer Building
832 Chattanooga, Tennessee 37402

Brian Mosholder
CARPTENTER, INGRAM &
 MOSHOLDER
4121 Carmichal Road
Suite 303
Montgomery, Alabama 36106

_____
Attorney for Defendant Underwriters
Laboratories, Inc.

15