UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAY'S DISTRIBUTING CO. INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 2:06-cv-702-MEF |
| TOTAL CONTAINMENT, INC., ET AL. ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

The Plaintiff, May's Distributing Company, Inc. ("Mays") submits this Memorandum in Support of its Motion to Remand this action to the Circuit Court of Bullock County, Alabama.

**INTRODUCTION**

This is the second time that this action has been improvidently removed from the Circuit Court of Bullock County, Alabama to this Court. Previously, on February 16, 2005, this Court entered an order remanding this action. See Memorandum Opinion and Order attached as Exhibit "A" to the Notice of Filing. Nonetheless, on August 8, 2006, defendants Dayco Products, LLC ("Dayco") and Mark IV Industries Ltd ("Mark IV") again removed the action to this Court, alleging that the filing of Plaintiff's Fourth Amended Complaint on July 13, 2006, "commenced" the filing of a new action that may be removed under the Class Action Fairness Act of 2005 ("CAFA"). See 28 U.S.C. § 1453(b).

Defendants' argument is wrong. The Court should hold that this action was commenced in January of 2003 with the filing of the original state law complaint, or

more than two years prior to the enactment of CAFA, and therefore, that CAFA does not apply to this action. Alternatively, the Court should find that Plaintiff's Fourth Amended Complaint related back to the filing of the original complaint and that there is no separate action that may be removed under CAFA. Under either basis, Defendants' removal was improper and the action should be remanded.

## APPLICABLE STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exceutive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

## ARGUMENT

A. <u>A Defendant Still Bears the Burden of Proof of Establishing Subject Matter Jurisdiction for a Removal under CAFA, the Removal is still Subject to Strict Construction, and Doubts are to be Resolved in Favor of Remand</u>

In *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) the Eleventh Circuit made clear that a defendant bears the burden of establishing subject matter jurisdiction for any removal effected under CAFA, and that any removal under CAFA is still subject to the strict construction of the removal statutes and any doubts about the removal are to be resolved in favor of remand. Maytag had argued that the district court had erred by applying the traditional rule that a defendant bears the burden of subject matter jurisdiction, and instead, should have placed the burden on the plaintiff to show that

2

subject matter jurisdiction was lacking. Rejecting this argument, the Eleventh Circuit explained:

> The Seventh and Ninth Circuits have, in detailed opinions, rejected the very kind of argument Maytag now presents. See *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448, (7th Cir.2005) (holding that CAFA's "naked legislative history" does not alter the well established rule that a proponent of subject matter jurisdiction bears the burden of persuasion on the amount in controversy); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir.2006) (per curiam) ("CAFA's silence, coupled with a sentence in a legislative committee report untethered to any statutory language, does not alter the rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction."). In *Evans* – which was decided after the instant case was fully briefed – this Circuit agreed with the Seventh and Ninth Circuits that "CAFA does not upset the traditional rule that the removing party bears the burden of proof with regard to establishing federal court jurisdiction." 449 F.3d at 1164, 2006 WL 1374688, at *4.
>
> \*    \*    \*    \*    \*
>
> The rule of construing removal statutes strictly and resolving doubts in favor of remand, however, is well-established. See e.g., *1329 *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct.868, 872, 85 L.Ed. 1214 (1941) ("[T]he policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of [removal statutes]."); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 369, 154 L.Ed.2d 368(2002) ("[S]tatutory procedures for removal are to be strictly construed."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). ("[R]emoval statutes are construed narrowly, where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). Statements in CAFA's legislative history, standing alone, are a insufficient basis for departing from this well-established rule. See *Thigpen*, 4F.3d at 1577; cf. *Abrego*, 443 F.3d at 686; *Brill*, 427 F.3d at 448.

450 F.3d at 1328-1329 (underline added)

In sum, the Eleventh Circuit affirmed the district court's remand concluding "that the district court did not err by placing the burden of establishing subject matter

jurisdiction on Maytag, or by invoking the rule that doubts are to be resolved in favor of remand." 450 F.3d at 1330.

> B. An Action is "Commenced" for Purposes of CAFA, when it is Filed in State Court and a Court Should not look at Successive Amendments to State Law Complaints to Make such a Determination

CAFA applies to civil actions commenced on or before February 18, 2005. See Pub.L. 109-2, § 9 ("[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act.") See also, *Jones v. Fort Dodge Animal Health*, 2006 WL 1877103 * 3 (N.D.Fla.) (July 5, 2006) ("Courts have unanimously held that CAFA's date of enactment is February 18, 2005, the date on which the President signed the Act.").

In *Eufaula Drugs Inc., v. TDI Managed Care Services, Inc.*, 2005 WL 3440635 (M.D.Ala.) (Dec. 14, 2005) the court examined the question of when an action is "commenced" for purposes of CAFA. It stated:

> CAFA does not define when an action is "commenced" for purposes of its application. The Ninth and Tenth Circuits, as well as a number of district courts, have held that under CAFA, an action that began in state court and was removed to federal court <u>commenced at the time it was commenced in state court</u>, not at the time it was removed to federal court. [citations omitted] Generally, what constitutes commencement of an action in state court is determined by that state's own laws and rules of procedure. *See Herb v. Pitcairn*, 324 U.S. 117, 120, 65 S.Ct. 459, 89 L.Ed. 789 (1945) (stating that "[w]hether any case is pending in the Illinois courts is determined by Illinois law); Bush, 425 F.3d 683, (stating that "[a] state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court"). Moreover, in the specific context of cases removed from state court, <u>federal courts have held that the meaning of the term "commencement" is determined by state court rules</u>. *See, e.g.,Perez v. General Packer, Inc.*, 790 F.Supp. 1464, 1469 (C.D.Cal.1992) (finding that the meaning of "commencement" in 28 U.S.C. § 1446(b), which provides that a case may not be removed "more than 1 year after commencement of the action," is controlled by state law). Therefore, the Court must look to Alabama law to determine when the present action was commenced.

4

> Alabama Rule of Civil Procedure 3(a) provides that "[a] civil action is commenced by filing a complaint with the court." However, mere filing of the complaint does not constitute commencement of an action in all cases. In the context of determining whether an action has been commenced within the statute of limitations, the filing of the complaint commences the action only if it is filed "with the *bona fide* intention of having it immediately served."

2005 WL 3440635 at * 2-3 (underline added)  See *Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 2005 WL 3440636 (M.D.Ala. 2005) (same).

This action was originally filed in state court on January 3, 2003, and service was perfected on the defendants within a few weeks after that date. In any event, this action was "commenced" almost a full two years before CAFA was enacted and Defendants should not be allowed to remove this action based upon a fourth amended complaint, filed three and a half years after the commencement of the underlying action. As the court explained in *Weekly v. Guidant Corp.*, 392 F.Supp.2d 1066 (E.D.Ark. 2005):

> Section 9 of the Class Action Fairness Act is about as clear and simple as a statute can be; it says that the Act `shall apply to any civil action commenced on or after the date of the enactment of this act.' Rule 3 of the Arkansas Rules of Civil Procedure, like Rule 3 of the Federal Rules of civil Procedure, provides that an action is commenced by filing a complaint. <u>Because Weekley filed her complaint before February 18, 2005, the Class Action Fairness Act does not apply to this civil action</u>.
>
> \* \* \* \* \*
>
> The phrase *any civil action* in § 9 has the same meaning there as it has throughout the removal statutes. <u>A civil action, viewed as the whole case, the whole proceeding, can only be commenced once</u>. See *Sneddon v. Hotwire, Inc.*, 2005 WL1593593 (N.D.Cal. June 29 2005). <u>Pleadings may be amended, but amending pleadings does not commence a civil action</u>. By definition, a civil action must already have been commenced before a pleading can be amended. Some claims asserted in the initial complaint may be dismissed, voluntarily or involuntarily, during the course of the action. Other claims may be added during the course of the action. Those

> new claims may dramatically change the action.[1] Those claims may or may not `relate back' to the original complaint for limitations purposes. <u>Nevertheless, a civil action, viewed as the entirety of the case or the entirety of the proceeding, commenced when the initial complaint was filed</u>.

392 F.Supp.2d at 1067-68 (underline added) (italics in original).

The facts in *Comes v. Microsoft Corp.*, 403 F.Supp.2d 897 (S.D.Iowa 2005), which also held that an action is commenced only one time, are strikingly similar to the facts of this case. As the court noted:

> Plaintiffs filed their initial complaint in this case more than five years ago in February 2000. Microsoft argues that when the plaintiffs filed the Proposed Fourth Amended Complaint a particular section raised a new claim. Microsoft Notice of Removal ¶ 16. Therefore, according to Microsoft, this new claim `commenced' after February 18, 2005 and is subject to the CAFA.

403 F.Supp.2d at 902-03.

Rejecting Microsoft's argument, the court found that "[b]ecause the civil action in this case was commenced in February of 2000, long before the enactment of the CAFA, removal under the CAFA is inappropriate." 403 F.Supp.2d at 904. See *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005) ("[C]reative lawyering will not be allowed to smudge the line drawn by the 2005 Act: class actions 'commenced' in state court on or before February 18, 2005, remain in state court. Amendments to class definitions do not commence new suits.").

The same reasoning applies to this action and the Court should find that it was commenced prior to the enactment of CAFA, and therefore, was improvidently removed. Such a result is in keeping with the requirement that removal statutes be strictly construed

---

[1] It should be noted that the amended pleading in that action changed the action from an action involving a single plaintiff seeking less than $75,000 to a class action seeking nationwide certification.

6

and all doubts about the propriety of removal are resolved in favor of remand. See *Smith v. Collinsworth*, 2005 WL 3533133 (E.D.Ark.2005) (But, simply stated I agree with the analysis in Weekley, that the relation-back rule should not be applied to defeat the clear intent of Congress-only lawsuits commenced on or after February 18, 2005 are subject to CAFA."); see also, *Phillips v. Ford Motor Co.*, 2005 WL 2654247 (S.D.Ill.) (Oct. 17, 2005) ("Defendant argues that because Plaintiffs' Second Amended Complaint expands the number of affected products to include model-year 1996 Ford vehicles, and because Plaintiff adds two new named Plaintiffs, Plaintiffs have commenced a new case. The Court finds that this reasoning runs counter to *Schorsch*. Plaintiffs' changes are precisely the sort of "routine," "workaday" amendments the Seventh Circuit envisioned.").

    C.    <u>Alternatively, Even if the Court looks to the Fourth Amended Complaint, it is Evident that it Relates back to the Original Complaint</u>

Plaintiff urges the Court to apply a strict construction of the removal statute and find that this action was commenced prior to the enactment of CAFA, and therefore, is not subject to removal under that statute. Plaintiff is aware that some courts have not applied this strict rule, but instead, have looked at the allegations of the amended complaint in order to determine if these allegations "commence" a new action for purposes of CAFA or whether they relate back to the original complaint. See *Senterfitt v. SunTrust Mortg., Inc.*, 385 F.Supp.2d 1377, 1379-80 (S.D.Ga. 2005) ("As will be explained below, if the Second Amended Complaint does not relate back to the date of the original complaint, Plaintiff commenced a new suit for purposes of CAFA on March 21, 2005 when he filed the Second Amended Complaint. [citation omitted] On the other hand, if the Second Amended Complaint does relate back to the filing of the original

7

complaint on March 30, 2004, the case is not now removable unless it could have been filed originally in federal court in 2004.")

Even if the Court were to apply this approach, however, it is evident that Defendants improperly removed this action. It is well settled that an amended complaint may relate back to the filing date of the original complaint if it satisfies the requirements of Federal Rule of Civil Procedure 15(c). This rule allows a claim in an amended complaint to relate back if it "arose out of the conduct, transaction, or occurrence set forth in or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).

Plaintiff's First Amended Complaint, which was filed on July 3, 2003, is attached to Plaintiff's Notice of Filing as Exhibit "B." That Complaint clearly complied with Alabama's Notice Pleading requirement. In that Complaint, Dayco was not a Defendant, but the Plaintiff repeatedly referred to TCI's Flexible Pipe and Sump Pump Systems in the Complaint. (See ¶¶ 7, 20, 24 and 32 as examples). Plaintiff amended its Complaint twice (Plaintiff's First Amended Complaint is Exhibit "B" to the Notice, while Plaintiff's Second Amended Complaint is Exhibit "C" to the Notice). The First Amended Complaint added Dayco Products as a corporation. Paragraph 4 alleged that Dayco designed, manufactured, sold and distributed component parts of flexible pipe which were sold by TCI. Paragraph 38 again alleged that the Defendant Dayco and others had designed, manufactured, and sold the flexible piping. Paragraph 39 alleges:

> Said TCI flexible pipe failed by leaking, permeating fuels, failing to retain its properties including (but not limited to) shape, rigidity, and permeation. Said TCI flexible pipe no longer will contain fuel, therefore, it is no longer fit for the purpose for which it was designed, manufactured, and sold.

8

Plaintiff's Third Amended Complaint (before the Court as Exhibit "D" to the Notice) was filed in the Circuit Court of Bullock County, Alabama, on September 29, 2005. Paragraph 18 again alleged that the thermoplastic flexible pipes and sump systems distributed by TCI were designed and manufactured by Dayco, Mark IV, Parker Hannifin, Ticona, and Cleveland Tubing. Paragraph 20 alleged:

> On or about September 5, 2002, May's discovered that the TCI flexible pipe is defective. The installer inspected and tested the TCI flexible pipe and discovered that its properties had changed in that it permitted permeation of fuel outside the barriers of the TCI flexible pipe, and that it failed to retain its shape and rigidity, by elongation, swelling, and other defects.

The Third Amended Complaint contained counts alleging negligence, wantonness, breach of warranty of fitness for a particular purpose, misrepresentation, suppression of material facts, deceit, negligent and/or wanton design, negligent and/or wanton manufacturing, and strict liability, for a total of ten separate counts.

Plaintiff's Fourth Amended Complaint (before the Court as Exhibit "E" to the Notice of Filing), was filed on or about July 13, 2006. It contained a more specific statement of facts, but these facts all related to the same piping design by Dayco and sold by TCI. Paragraph 12 of the Fourth Amended Complaint referred specifically to the piping systems as being Enviroflex, Monoflex, and Omniflex. Paragraph 23 makes the same general allegation made from the very beginning in Plaintiff's complaints as amended, but with more specificity. The Fourth Amended Complaint is based upon negligence and no other cause of action. Accordingly, the Complaint became much simpler and more focused.

Defendants removed this action on August 8, 2006. The current removal petition alleges that the Fourth Amended Complaint "drastically changed the nature of the class

9

action in such a way that it cannot relate back to prior complaints. Petitioners were not on prior notice of the extent of the class action proposed in the prior complaints and would be unfairly prejudiced if the new complaint were to relate back to the prior one." (¶ 12). Contrary to the argument of Defendants, the Fourth Amended Complaint does not drastically change either the class or the products at issue in the case.

Plaintiff originally sued Dayco and alleged that Dayco had designed the defective piping systems and sump pump systems. That is still the allegation against Dayco. The fact that, through discovery, Plaintiff was able to identify different generations of pipe designed by Dayco does not change the central allegation that Dayco designed defective thermoplastic piping systems which were sold by TCI. That has always been the allegation in this litigation. The fact that Plaintiff learned additional facts through the process of discovery was to be expected and indeed is what occurs in every litigation. Through discovery the Plaintiff discovered that there were various generations of pipe designed by Dayco and those allegations have now been made. That does not change the central issue involved in the litigation from day one.

Dayco obscures the issue by saying to this Court that it did not manufacture the fourth generation of pipe. That is not the point. Dayco designed all of the generations of the pipe whether Dayco manufactured those generations or whether Defendant Cleveland Tubing actually did the manufacturing. It does not make any difference whether Dayco manufactured it or not, since it designed all of the piping systems at issue in this litigation. Dayco is also incorrect in asserting that the size of the class has changed. The state court lawsuit has alleged a nationwide class from the very beginning and still does

so today.[2] Plaintiff's First Amended and Third Amended Complaints each alleged: "The Plaintiff brings this action under Alabama common-law and statutes, individually and on behalf of a class of similarly situated persons located throughout the United States" (see ¶ 22 of each).

>The Fourth Amended Complaint in paragraph 30 states:
>
>The Plaintiff brings this action individually and on behalf of a class of those similarly situated entities and persons in the United States and Puerto Rico who own retail gasoline operations that use TSI pipe to convey gasoline from the underground storage tanks to dispense.

The Fourth Amended Complaint added Puerto Rico to what has always been a nationwide class.

It is evident that Plaintiff's Fourth Amended Complaint is nothing more than a refinement of the original allegations, and therefore, that the Fourth Amended Complaint related back to the original filing. See *Phillips v. v. Ford Motor Co.*, 2006 WL 217942 (7th Cir. 2006) (post CAFA amendment to complaint to add or substitute named plaintiff related back to original complaint since new complaint arose out of the same transaction or occurrence set up in original complaint); *Boxdorfer v. Daimler Chrysler Corp.*, 2005 WL 2837554 (C.D.Ill 2005) (no CAFA removal jurisdiction where class alleged in second amended complaint was a subset of class alleged in earlier complaint); *Siew Hian Lee v. CitiMortgage, Inc.*, 2005 WL 2456955 (E.D.Mo. 2005) (amended petition related

---

[2] The facts of this case are clearly distinguishable from those in *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004) where the Eleventh Circuit found that the amended claim did not relate back, because the defendant "had been placed on notice of only its obligation to defend itself against claims of *Florida* consumers.... [Thus,] Cliff's original complaint did not provide [the defendant] with adequate notice of the nationwide class." (emphasis in original).

back to original complaint where amended petition added additional factual allegations which elaborated plaintiff's original claims)

## CONCLUSION

For all the foregoing reasons, this Court should find that this action was improvidently removed to this Court and enter an order remanding this action to the Circuit Court of Bullock County, Alabama.

Respectfully submitted,

/s/ Russell Jackson Drake
Attorney for Plaintiffs

**OF COUNSEL:**
Russell Jackson Drake, Esq.
Nicola T. Drake, Esq.
WHATLEY, DRAKE & KALLAS, LLC
2323 2nd Avenue North
Post Office Box 10647
Birmingham, AL  36202-0647
jdrake@whatleydrake.com
ndrake@whatleydrake.com

L. Cooper Rutland, Jr., Esq.
RUTLAND & BRASWELL, LLC
208 North Prairie Street
Union Springs, AL  36089
randb@ustconline.net
randb3@ustconline.net

Wesley L. Laird, Esq.
LAIRD, BAKER & BLACKSTOCK, LLC
501 North Main Street
Opp, AL 36467
wes@laird-baker-blackstock.com

Lynn W. Jinks, III, Esq.
Jinks, Daniel & Crow
P. O. Box 350
Union Springs, AL  36089
lwj@jinkslaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Attorneys for Ticona Polymers, Inc.
Alan T. Rogers, Esq.
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL 35201-0306
arogers@balch.com
rlaurie@balch.com

Paul A. Clark, Esq.
BALCH & BINGHAM, LLP
Post Office Box 78
Montgomery, AL 36101
pclark@balch.com

Paul M. O'Connor III, Esq.
Seth A. Moskowitz, Esq.
Jon Avins, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN
1633 Broadway
New York, NY 10019-6799
poconnor@kasowitz.com
smoskowitz@kasowitz.com

Walter B. Calton, Esq.
Post Office Box 696
Eufaula, AL 36072-0696
wcalton@bellsouth.net

Attorneys for Cleveland Tubing, Inc.
James H. McLemore, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
jhm@chlaw.com

T. Harold Pinkley, Esq.
MILLER & MARTIN, LLP
1200 First Union Tower
150 Fourth Avenue North
Nashville, TN 37219
hpinkley@millermartin.com

Lynda M. Hill, Esq.
James Williams, Esq.
MILLER & MARTIN, PLLC
Suite 1000, Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN 37402
lhill@millermartin.com
jwilliams@millermartin.com

Attorneys for Dayco Products, Inc. and Mark IV Industries, Ltd.
Joseph T. Carpenter Esq. (CAR038)
Nathan C. Prater, Esq.
Brian Mosholder, Esq.
John DeShazo, Esq.
CARPENTER, PRATER, INGRAM & MOSHOLDER LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL 36106
jccarpenter@carpenterfirm.com
nprater@carpenterfirm.com
bmosholder@carpeterfirm.com
jdeshazo@carpenterfirm.com

Kimberly W. Sayoc, Esq.
LIPPES SILVERSTEIN MATHIAS & WEXLER 700 Guaranty Building
28 Church Street
Buffalo, NY 14202-3950
ksayoc@lippes.com

L. Shane Seaborn, Esq.
Myron C. Penn, Esq.
PENN & SEABORN, LLC
Post Office Box 688
Clayton, AL  36106

<u>Attorneys for Underwriters
Laboratories, Inc.</u>
Walter E. McGowan, Esq.
GRAY, LANGFORD, SAPP,
MCGOWAN, GRAY &
NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
wem@glsmgn.com

Charles Donald, Marshall, III, Esq.
John Olinde, Esq.
Brent Arnold Talbot, Esq..
Robert S. Rooth, Esq.
CHAFFE McCALL, PHILLIPS,
TOLER & SARPY
2300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163
(504) 585-7000
talbot@chaffe.com
olinde@chaffe.com
marshall@chaffe.com
rooth@chaffe.com

James E. Blazek
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA  70139

    /s/ Russell Jackson Drake
    OF COUNSEL