UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAY'S DISTRIBUTING CO. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | 2:06-cv-702-MEF |
| TOTAL CONTAINMENT, INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND**

Plaintiff submits this Reply in further support of its Motion to Remand this action.

As noted in Plaintiff's original memorandum, in *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) the Eleventh Circuit made clear that a defendant bears the burden of establishing subject matter jurisdiction for any removal effected under CAFA, and that any removal under CAFA is still subject to the strict construction of the removal statutes; thus, any doubts about the removal are to be resolved in favor of remand. Because of this pronouncement, Plaintiff urges this Court to follow those decisions that have held that any case filed prior to the enactment of CAFA may not be removed by any subsequent amendments to the complaint.

Plaintiff agrees with Defendants Dayco Products, LLC and Mark IV Industries, Ltd. (hereinafter "Dayco") that there are a number of courts that

have looked at amended pleadings to determine if they relate back to the original filing, and are thus not removable under CAFA, or whether they alter the nature of the litigation such that they "commence" a new action making the action removable under CAFA. Set forth below is a short discussion that clarifies some of the assertions Dayco has made in its Opposition. This discussion demonstrates that the claims asserted in the Fourth Amended Complaint relate back to the original filing in this action.

For example, on page 2 of Defendants' Opposition, Dayco purports to recite Plaintiff's claims in this matter. Defendant fails to mention, however, Plaintiff's claims of permeation elongation instead attempting to later portray them as new claims. These claims have always been at the center of this action and the Fourth Amended Complaint did not introduce them into this action for the first time.

On page 3 of Defendant's Opposition, Dayco purports to define a failure in the pipe as an actual visible breach of the pipe where a hole opens up. Such a definition is too strict. Plaintiff has always maintained the failure is in the design and the incompatibility of the plastic to gasoline and alcohol blended gasoline. Accordingly, even though the hose in Plaintiff's facility in Union Springs has not burst that does not mean it has not failed and that it is not defective. Although Plaintiff May's has had documented major problems in one

store, it has different generations and models of pipe at two locations which Plaintiff also claims are defective.

Plaintiff has always maintained that the defendants' product from its inception was defectively designed causing permeating fuel at unacceptable levels. Dayco incorrectly defines Plaintiff's class as based solely on the pipe in the ground that has burst and been replaced; such a narrow definition does not take into account that Plaintiff's claim is also based upon the pipe permeating fuel at unacceptable levels regardless of a rupture. Because of the nature of Plaintiff's claims, Plaintiff's discovery requests and deposition inquiry from all defendants have necessarily covered all generations of pipe and models. Dayco has been present at depositions regarding these matters and responded to discovery requests directed to these issues.[1]

Attached as Exhibit "A" to the Plaintiff's Notice of Filing, is Dayco's Objections and Responses to Plaintiff's Second Request for Production of Documents dated December 23, 2005. From a brief review of the responses, it is clear that Plaintiff's claims have always centered on all types of pipe. For

---

[1] On page 4 of its Opposition, Dayco wrongfully contends that Plaintiff has drastically expanded the claims of this action. This contention is based solely on Dayco's opinion that because Plaintiff only had pipe that burst in one station, and that pipe was installed after Dayco stopped manufacturing the pipe, that our class consists only of those entities that had pipe manufactured after 1997. Again, such an argument ignores the true nature and extent of the claims Plaintiff has consistently asserted in this action. In any event, if Dayco's argument has any relevance, it relates to commonality and typicality of Plaintiff's claims which should be addressed at the class certification stage and it has no relevance as to whether the amended complaint commenced a new action.

example, Request No. 3 asked for "[a]ny and all warranties, from 1990 to the present, issued on each Enviroflex, Monoflex, and/or Omniflex pipe and pipe system." In response, Dayco "attached warranties issued by TCI Bates Numbers DAYCOM00000001-00000153." Likewise, Dayco responded to Request No. 4, which sought "[a]ny and all instructions, warnings, installation information and/or written or other communication provided to the distributor, installer, or consumer of every Enviroflex, Monoflex, and/or Omniflex pipes and/or systems, from 1990 to the present," by referencing the "attached installation instructions issued by TCI Bates Numbers DAYCOM0000001-47, DAYCOM00000113-149, DAYCOM00000154-192."

Especially telling is Dayco's response to Request No. 24 which sought documents relating to Enviroflex, Monoflex, and/or Omniflex pipes "delaminating, permeating, bloating, becoming misaligned, kinking, rotting, splitting, swelling, ballooning . . . or in any other manner having ceased or failed or performed for any reason, known or unknown, from 1990 to the present." In response, Dayco listed numerous documents responsive to this request. In light of the foregoing discovery, which occurred prior to the filing of the Fourth Amended Complaint, it is clear that the filing of that document did not commence a new action.

On page 3 of Defendant's Opposition, Dayco's contention regarding Plaintiff seeking voluminous new discovery is overstated. Plaintiff is already in possession of 300,000 pages of documents that date back to the genesis of Flexpipe. All of these documents have been reviewed and depositions were taken on these matters.[2]

Finally, on page 14 of Defendant's Opposition, Dayco contends that the filing of its summary judgment is evidence that its pipe is not involved in any way with Plaintiff's claims. Plaintiff's will file an opposition to that motion in the appropriate court, but in any event whether Defendant's pipe is at issue or Plaintiff can otherwise state a claim for design defect are both issues of fact for a jury. In any event, Plaintiff's notice pleadings in State court have always alleged that it had TCI pipe in two stations and that pipe had burst in one location while the pipe in the other location permeated and elongated and was therefore defective. The different generations and models of pipe were the direct result of Dayco's design failures. Dayco's response to these design failures was to compound the problem by changing a material or adding or removing a layer for more flexibility or direct burial(omnifllex).

---

[2] Plaintiff concedes that allegations relating to Monoflex were included in its statement of facts and Plaintiff would require additional discovery to pursue claims involving Monoflex. But because Plaintiff's class only covers the United States and Puerto Rico, and no Monoflex was ever sold in the United States or Puerto Rico, it is not part of the class definition.

For the reasons stated in Plaintiff's original memorandum, and for the reasons stated herein, Plaintiff requests that this case be remanded to the Circuit Court of Bullock County, Alabama.

                                                     Respectfully submitted,

                                                     /s/ Russell Jackson Drake
                                                   Attorney for Plaintiffs

**OF COUNSEL:**
Russell Jackson Drake, Esq.
Nicola T. Drake, Esq.
WHATLEY, DRAKE & KALLAS, LLC
2323 2nd Avenue North
Post Office Box 10647
Birmingham, AL  36202-0647
jdrake@whatleydrake.com
ndrake@whatleydrake.com

L. Cooper Rutland, Jr., Esq.
RUTLAND & BRASWELL, LLC
208 North Prairie Street
Union Springs, AL  36089
randb@ustconline.net
randb3@ustconline.net

Wesley L. Laird, Esq.
LAIRD, BAKER & BLACKSTOCK, LLC
501 North Main Street
Opp, AL 36467
wes@laird-baker-blackstock.com

Lynn W. Jinks, III, Esq.
Jinks, Daniel & CrowP. O. Box 350
Union Springs, AL  36089
lwj@jinkslaw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***Attorneys for Ticona Polymers, Inc.***
Alan T. Rogers, Esq.
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL 35201-0306
arogers@balch.com
rlaurie@balch.com

Paul A. Clark, Esq.
BALCH & BINGHAM, LLP
Post Office Box 78
Montgomery, AL 36101
pclark@balch.com

Paul M. O'Connor III, Esq.
Seth A. Moskowitz, Esq.
Jon Avins, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN
1633 Broadway
New York, NY  10019-6799
poconnor@kasowitz.com
smoskowitz@kasowitz.com

Walter B. Calton, Esq.
Post Office Box 696
Eufaula, AL  36072-0696
wcalton@bellsouth.net

***Attorneys for Cleveland Tubing, Inc.***
James H. McLemore, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
jhm@chlaw.com

T. Harold Pinkley, Esq.
MILLER & MARTIN, LLP
1200 First Union Tower
150 Fourth Avenue North
Nashville, TN 37219
hpinkley@millermartin.com

Lynda M. Hill, Esq.
James Williams, Esq.
MILLER & MARTIN, PLLC
Suite 1000, Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402
lhill@millermartin.com
jwilliams@millermartin.com

***Attorneys for Dayco Products, Inc. and Mark IV Industries, Ltd.***
Joseph T. Carpenter Esq. (CAR038)
Brian Mosholder, Esq.
John DeShazo, Esq.
CARPENTER, PRATER, INGRAM & MOSHOLDER LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL  36106
jccarpenter@carpenterfirm.com
nprater@carpenterfirm.com
bmosholder@carpeterfirm.com
jdeshazo@carpenterfirm.com

Kimberly W. Sayoc, Esq.
LIPPES SILVERSTEIN MATHIAS &
WEXLER 700 Guaranty Building
28 Church Street
Buffalo, NY  14202-3950
ksayoc@lippes.com

L. Shane Seaborn, Esq.
Myron C. Penn, Esq.
PENN & SEABORN, LLC
Post Office Box 688
Clayton, AL  36106
sseaborn1@yahoo.com
myronpenn28@hotmail.com

***Attorneys for Underwriters Laboratories, Inc.***
Walter E. McGowan, Esq.
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
wem@glsmgn.com

Charles Donald, Marshall, III, Esq.
John Olinde, Esq.
Brent Arnold Talbot, Esq..
Robert S. Rooth, Esq.
CHAFFE McCALL, PHILLIPS, TOLER & SARPY
2300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163
(504) 585-7000
talbot@chaffe.com
olinde@chaffe.com
marshall@chaffe.com
rooth@chaffe.com

James E. Blazek
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA  70139

Total Containment, Inc.
c/o George L. Miller, Trustee
Miller, Coffey, Tate, LLP
1628 John F. Kennedy Blvd., Suite 950
Philadelphia, PA  19103

***Attorneys for Total Containment, Inc.***
William K. Pelosi
Lindsey M. Glah
Obermayer, Rebmann, Maxwell
  & Hippel, LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103

E. BrittonMonroe
Jenna M. Bedsole
Rachel E. VanNortwick
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL  35223
(205) 967-8822
(205) 967-2380 facsimile
bmonroe@lgwpc.com
rfernandez@lgwpc.com

        /s/ Russell Jackson Drake
        OF COUNSEL