# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| MAY'S DISTRIBUTING CO. INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | **2:06-cv-702-MEF** |
| TOTAL CONTAINMENT, INC., ET AL. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF FILING

Come now the Plaintiffs and give Notice of the Filing of the documents

attached hereto. Those documents include:

1.    Exhibit A        Defendant Notice of Service of Discovery and
                       Defendants' Objections and Responses to
                       Plaintiff's Second Request for Production of
                       Documents

Respectfully submitted,

/s/ Russell Jackson Drake
Attorney for Plaintiffs

**OF COUNSEL:**
Russell Jackson Drake, Esq.
Nicola T. Drake, Esq.
WHATLEY, DRAKE & KALLAS, LLC
2323 2nd Avenue North
Post Office Box 10647
Birmingham, AL   36202-0647
jdrake@whatleydrake.com
ndrake@whatleydrake.com

L. Cooper Rutland, Jr., Esq.
RUTLAND & BRASWELL, LLC
208 North Prairie Street
Union Springs, AL  36089
randb@ustconline.net
randb3@ustconline.net

Wesley L. Laird, Esq.
LAIRD, BAKER & BLACKSTOCK,
LLC
501 North Main Street
Opp, AL 36467
wes@laird-baker-blackstock.com

Lynn W. Jinks, III, Esq.
Jinks, Daniel & Crow
P. O. Box 350
Union Springs, AL  36089
lwj@jinkslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*__Attorneys for Ticona Polymers, Inc.__*
Alan T. Rogers, Esq.
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL 35201-0306
arogers@balch.com
rlaurie@balch.com

Paul A. Clark, Esq.
BALCH & BINGHAM, LLP
Post Office Box 78
Montgomery, AL 36101
pclark@balch.com

Paul M. O'Connor III, Esq.
Seth A. Moskowitz, Esq.
Jon Avins, Esq.
KASOWITZ, BENSON, TORRES &
FRIEDMAN
1633 Broadway
New York, NY  10019-6799
poconnor@kasowitz.com
smoskowitz@kasowitz.com

Walter B. Calton, Esq.
Post Office Box 696
Eufaula, AL  36072-0696
wcalton@bellsouth.net

***Attorneys for Cleveland Tubing, Inc.***
James H. McLemore, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
jhm@chlaw.com

T. Harold Pinkley, Esq.
MILLER & MARTIN, LLP
1200 First Union Tower
150 Fourth Avenue North
Nashville, TN 37219
hpinkley@millermartin.com

Lynda M. Hill, Esq.
James Williams, Esq.
MILLER & MARTIN, PLLC
Suite 1000, Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN 37402
lhill@millermartin.com
jwilliams@millermartin.com

***Attorneys for Dayco Products, Inc.
and Mark IV Industries, Ltd.***
Joseph T. Carpenter Esq. (CAR038)
Brian Mosholder, Esq.
John DeShazo, Esq.
CARPENTER, PRATER, INGRAM
& MOSHOLDER LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL  36106
jccarpenter@carpenterfirm.com
nprater@carpenterfirm.com
bmosholder@carpeterfirm.com
jdeshazo@carpenterfirm.com

Kimberly W. Sayoc, Esq.
LIPPES  SILVERSTEIN  MATHIAS
&
WEXLER 700 Guaranty Building
28 Church Street
Buffalo, NY  14202-3950
ksayoc@lippes.com

L. Shane Seaborn, Esq.
Myron C. Penn, Esq.
PENN & SEABORN, LLC
Post Office Box 688
Clayton, AL  36106
sseaborn1@yahoo.com
myronpenn28@hotmail.com

***Attorneys for Underwriters
Laboratories, Inc.***
Walter E. McGowan, Esq.
GRAY, LANGFORD, SAPP,
MCGOWAN, GRAY &
NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
wem@glsmgn.com

Charles Donald, Marshall, III, Esq.
John Olinde, Esq.
Brent Arnold Talbot, Esq..
Robert S. Rooth, Esq.
CHAFFE    McCALL,    PHILLIPS,
TOLER & SARPY
2300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163
(504) 585-7000
talbot@chaffe.com
olinde@chaffe.com
marshall@chaffe.com
rooth@chaffe.com

James E. Blazek
Adams & Reese, LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA  70139

Total Containment, Inc.
c/o George L. Miller, Trustee
Miller, Coffey, Tate, LLP
1628 John F. Kennedy Blvd., Suite 950
Philadelphia, PA  19103

**_Attorneys for Total Containment, Inc._**
William K. Pelosi
Lindsey M. Glah
Obermayer, Rebmann, Maxwell
  & Hippel, LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103

E. BrittonMonroe
Jenna M. Bedsole
Rachel E. VanNortwick
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL  35223
(205) 967-8822
(205) 967-2380 facsimile
bmonroe@lgwpc.com
rfernandez@lgwpc.com

/s/ Russell Jackson Drake
OF COUNSEL

# EXHIBIT A

## IN THE CIRCUIT COURT OF BULLOCK COUNTY

## STATE OF ALABAMA

MAYS DISTRIBUTING CO., INC.,          )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )          CIVIL ACTION NO. CV-03-002
                                      )
TOTAL CONTAINMENT, INC.,              )
DAYCO PRODUCTS, INC.,                 )
MARK IV INDUSTRIES, LTD., et al.,     )
                                      )
        Defendants.                   )

### NOTICE OF SERVICE OF DISCOVERY

Defendants, Dayco Products, L. L. C., and Mark IV Industries, Ltd., hereby gives

notice of service of the following discovery:

    Defendants' Objections and Responses to Plaintiff's Second Request
        For Production of Documents


_____
BRIAN MOSHOLDER (MOS-018)
JOHN DESHAZO (DES-007)
Attorneys for Dayco Products, L. L. C., and
Mark IV Industries, Ltd.


OF COUNSEL:
Carpenter, Ingram & Mosholder, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL 36106
Telephone: (334) 213-5600
Fax: (334) 213-5650

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the below listed counsel by fax and by placing a copy of the same, postage prepaid, and properly addressed this 22nd day of December, 2005.

L. Cooper Rutland, Jr., Esq.
Rutland and Braswell, LLC
208 North Prairie Street
Union Springs, AL 36089

Nicola T. Drake, Esq.
Whatley Drake, LLC
2323 2nd Avenue No.
P. O. B. 10647
Birmingham, AL 35202

Lynda Hill, Esq.
T. Harold Pinkley, Esq.
Miller & Martin
1200 1 Nashville Place
150 4th Avenue North
Nashville, TN 37219-2433

Alan T. Rogers, Esq.
Paul A. Clark, Esq.
Balch & Bingham
1710 6th Avenue North
P. O. Box 306
Birmingham, AL 35201-0306

Walter E. McGowan, Esq
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239

_____
ATTORNEY FOR DEFENDANTS

G:\6315\DiscDef\nod12.22.05emt.wpd

IN THE CIRCUIT COURT OF

BULLOCK COUNTY, ALABAMA

MAY'S DISTRIBUTING COMPANY, INC,    *
                                    *
        PLAINTIFF,                  *       CIVIL ACTION NO.: 03-02
                                    *
        VS.                         *
                                    *
TOTAL CONTAINMENT, INC., OIL        *
EQUIPMENT COMPANY, INC, ET AL       *
                                    *
        DEFENDANTS.                 *


**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW INTO COURT, come Defendants, Dayco Products, L.L.C. and Mark IV

Industries, Ltd. (hereinafter collectively referred to as "Dayco"), who respond to

Plaintiff's Second Request for Production of Documents propounded by Plaintiff in the

above-entitled matter as follows:

**DAYCO HEREBY DESIGNATES ALL DOCUMENTS PRODUCED HEREWITH AND**

**BATES STAMPED DAYCOM00000001 – DAYCOM00005515 AS CONFIDENTIAL**


**General Objections**

Dayco asserts the following general objections to plaintiff's request for production of

documents, which are incorporated by reference, to the extent applicable, to the

specific responses set forth below, and are neither waived nor limited by those specific

responses.  Information is provided in the responses set forth below subject to these

objections.

1

1. Dayco objects to the request for production of documents, including the "Definitions and Instructions" contained within the requests, to the extent that this seeks to impose a burden on Dayco beyond that required by the Alabama Rules of Civil Procedure. Dayco objects to the request for production on the grounds that they are overly broad and unduly burdensome.

2. Dayco objects to the request for production to the extent that they purport to seek information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privileges, protections, exemptions, or immunities. Any production of privileged or otherwise protected information is inadvertent, and shall not constitute a waiver of any claim of privilege, protection, exemption, or immunity.

3. Dayco objects to the request for production to the extent that they purport to require the disclosure of confidential, proprietary, or other commercially protected information, or trade secrets, without the entry of an appropriate protective order and the implementation of procedures to ensure the continued confidentiality of such information. Dayco objects to producing under any circumstances documents that contain extraordinarily sensitive and guarded trade secret and proprietary information on the grounds that disclosure of such information would cause Dayco immediate and irreparable harm, and that such information is not relevant to the subject matter of this lawsuit.

4. Dayco objects to the request for production to the extent that they are vague, ambiguous, overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.  Dayco objects in particular to the request for production to the extent that they purport to seek information pertaining to time periods unrelated to the issues in this lawsuit; to the period of time after the subject incident; to facts beyond the scope of plaintiffs' allegations and the facts of this incident.

5. Dayco objects to the request for production as unduly burdensome to the extent that they seek information already known to the plaintiff or equally available to plaintiff from sources other than Dayco, including information or documents that are publicly available.

6. Dayco objects to the request for production to the extent that they seek information from other entities, including without limitation, parent companies, subsidiaries, affiliates, third parties, agents, or suppliers, on the grounds that such requests are overly broad and unduly burdensome and seek information that is neither relevant to the subject matter of this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.  Dayco is responding to the request for production only on its own behalf and not on behalf of any other entities.

7. Dayco objects to the request for production to the extent that they fail to identify the information sought with reasonable particularity.

8. Dayco's responses as set forth herein are based upon information presently known to Dayco. Dayco reserves the right (a) to rely on any facts, documents, or other evidence that may develop or subsequently come to its attention, (b) to assert additional objections or supplemental responses should Dayco discover additional information or grounds for objections, and (c) to supplement or amend these responses at any time in accordance with the applicable rules and orders of the court.

9. To the extent that Dayco makes reference to any responsive documents, such shall be produced at a mutually agreeable time, date and location, and a protective order will need to be executed before such production. A Stipulation and [Proposed] Protective Order has been attached to this document.

10. Dayco reserves all objections to the admissibility at trial of any documents or information produced to the plaintiff.

**REQUEST NO. 1**:

Any and all documents from 1990 to the present, representing each and every document retention policy and/or procedure, including those related to electronic communications or email policies, practices and procedures.

**RESPONSE TO REQUEST NO. 1**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 2**:

Each and every Article of Incorporation, including any and all amendments, supplements, modifications or changes.

**RESPONSE TO REQUEST NO. 2**:

Objection the information being requested isn't calculated to lead to the discovery of admissible information.

**REQUEST NO. 3**:

Any and all warranties, from 1990 to the present, issued on each Enviroflex®, Monoflex®, and/or Omniflex® pipe and pipe system.

**RESPONSE TO REQUEST NO. 3**:

See attached Warranties issued by TCI Bates Numbers DAYCOM00000001-00000153.

**REQUEST NO. 4**:

Any and all instructions, warnings, installation information and/or written or other communication provided to the distributor, installer, or consumer of every Enviroflex®, Monoflex®, and/or Omniflex® pipes and/or systems, from 1990 to present.

**RESPONSE TO REQUEST NO. 4**:

See attached installation instructions issued by TCI Bates Numbers DAYCOM00000001-47, DAYCOM00000113-149, DAYCOM00000154-192.

**REQUEST NO. 5**:

Any and all reports, white papers, studies, laboratory reports, professional papers, test methods, testing standards, memoranda, films, videos or any other documents relating in any way to testing of any type of Enviroflex®, Monoflex®, and/or Omniflex® pipes or any

component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe, including but not limited to, integrity testing, corrosivity testing, permeability testing, burst testing, density and specific gravity testing, water absorption testing, elasticity testing, ductility testing, lubricity testing, tensile strength testing, tensile elongation testing, flexural strength testing, creep testing, impact loading testing, fatigue endurance testing, dimensional stability testing, weight change testing, charpy impact testing, finite element analysis testing, environmental stress crack resistance testing, hoop stress testing, long term hydrostatic strength (LTHS) testing, pipe stiffness testing, thermal testing, cyclic pressure testing, ultraviolet light testing, pressure and vacuum testing, puncture resistance testing, immersion testing with petroleum fuels, stress cracking testing, fire resistant testing, change-in-length testing, ageing tests, testing related to pipe delaminating, permeation, bloat, misalignment, kinking, rotting, splitting, swelling, ballooning, fungal or microbial growth, dislodged boots, destabilization or any other manner of substandard or failing performance, regardless of cause for 1990 to the present.

**RESPONSE TO REQUEST NO. 5**:

See attached test reports, Bates Numbers DAYCOM00000001-47, DAYCOM0000193-4539.

**REQUEST NO. 6**:

Any and all organizational charts, lists, rosters, or personnel information which otherwise identifies by name, position, and employment status, each and every individual employee, contractor, business group, division, committee or other person responsible for conducting any studies or testing of Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe for any reason, including

6

but not limited to, integrity testing, corrosivity testing, permeability testing, burst testing, density and specific gravity testing, water absorption testing, elasticity testing, ductility testing, lubricity testing, tensile strength testing, tensile elongation testing, flexural strength testing, creep testing, impact loading testing, fatigue endurance testing, dimensional stability testing, weight change testing, charpy impact testing, finite element analysis testing, environmental stress crack resistance testing, hoop stress testing, long term hydrostatic strength (LTHS) testing, pipe stiffness testing, testing related to pipe delaminating, permeation, bloat, misalignment, kinking, rotting, splitting, swelling, ballooning, fungal or microbial growth, dislodged boots, destabilization or any other manner of substandard or failing performance, regardless of cause for 1990 to the present.

**RESPONSE TO REQUEST NO. 6**:

None at this time.  Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 7**:

Any and all non-privileged communications to or from any source, including but not limited to, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, or presentations, reflecting, or in any manner relating to any testing of  Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe, including but not limited to, integrity testing, corrosivity testing, permeability testing, burst testing, density and specific gravity testing, water absorption testing, elasticity testing, ductility testing, lubricity testing, tensile strength testing, tensile elongation testing, flexural strength testing, creep testing, impact loading testing, fatigue

7

endurance testing, dimensional stability testing, weight change testing, charpy impact testing, finite element analysis testing, environmental stress crack resistance testing, hoop stress testing, long term hydrostatic strength (LTHS) testing, pipe stiffness testing, thermal testing, cyclic pressure testing, ultraviolet light testing, pressure and vacuum testing, puncture resistance testing, immersion testing with petroleum fuels, stress cracking testing, fire resistant testing, change-in-length testing, ageing tests, testing related to pipe delaminating, permeation, bloat, misalignment, kinking, rotting, splitting, swelling, ballooning, fungal or microbial growth, dislodged boots, destabilization or testing related to any other manner of substandard or failing performance, regardless of cause fro 1990 to the present.

### RESPONSE TO REQUEST NO. 7:

See Response to Request No. 5.

### REQUEST NO. 8:

Any and all drawings, specifications, plans, sketches, notes, schematics, communications including emails, or any other document relating in any way to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe, including documents relating to design or manufacturing modifications whether or not implemented, from 1990 to the present.

### RESPONSE TO REQUEST NO. 8:

TCI designed the system. Dayco manufactured part of the primary pipe based on TCI's specifications. See Responses to Requests No. 5 and 7.

**REQUEST NO. 9**:

Produce, with regard to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of them, any and all reports, memoranda, white papers, studies, laboratory reports, professional papers, films, videos or any other document relating in any way to their design, including documents relating to design or manufacturing modifications whether or not implemented, from 1990 to the present.

**RESPONSE TO REQUEST NO. 9**:

See Response to Request No. 8.

**REQUEST NO. 10**:

Any and all organizational charts, lists, rosters, or personnel information which otherwise identifies by name, position, and employment status, each and every individual employee, contractor, raw material supplier, business group, division, committee or other person responsible for contributing and assisting in the design of Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe for any reason, from 1990 to the present.

**RESPONSE TO REQUEST NO. 10**:

None at this time.  Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 11**:

Any and all organizational charts, lists, rosters, or personnel information which otherwise identifies by name, position, and employment status, each and every individual employee, department, business group, division, committee or other person or entity

responsible for quality control or ultimate supervision over the design and manufacture of Enviroflex®, Monoflex®, and/or Omniflex® pipes and/or systems, from 1990 to the present.

**RESPONSE TO REQUESST NO. 11**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 12**:

Any communication between any quality control personnel, consultant, advisor, supervisor, other person on TCI's behalf and/or any other person where either the design or manufacture, or both of any Enviroflex®, Monoflex®, and/or Omniflex® pipe or system was suspected of, contributed to or is in any manner connected with pipe delaminating, permeation, bloat, misalignment, kinking, rotting, splitting, swelling, ballooning, fungal or microbial growth, dislodged boots, destabilization or any other manner of substandard or failing performance, regardless of cause, from 1990 to the present.

**RESPONSE TO REQUEST NO. 12**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 13**:

Any and all communications to or from any source, including but not limited to, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, or presentations reflecting, or in any manner relating to the marketing and/or sales of Enviroflex®, Monoflex®, and/or Omniflex® pipes and/or systems, from 1990 to the present.

### RESPONSE TO REQUEST NO. 13:

None at this time.  Dayco didn't' sell Enviroflex, Monoflex or Omniflex.  Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

### REQUEST NO. 14:

Any and all communications to or from any source, including but not limited to, correspondence, memoranda, notes, emails, meeting minutes, meeting agendas, videos, or presentations, reflecting, or in any manner relating to marketing and/or sales plans, business goals, efficiency models, sales goals or objectives in relation to Enviroflex®, Monoflex®, and/or Omniflex® pipes and/or systems, from 1990 to the present.

### RESPONSE TO REQUEST NO. 14:

See documents related to sales projections, Bates Numbers DAYCOM00001203-1208, DAYCOM00001277-1283, DAYCOM00004540-4603.

### REQUEST NO. 15:

Any and all communications between TCI and any distributor, purchaser, or any other person, including brochures, sales materials, websites, both archived and current, correspondence, emails, training materials, marketing materials, or any other document relating to, providing information about, and/or pertaining in any way to Enviroflex®, Monoflex®, and/or Omniflex® pipes and/or systems, from1990 to present.

**RESPONSE TO REQUEST NO. 15**:

None at this time.  Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 16**:

Any and all documents, listings or summarizing repair claims, including but not limited to summaries, charts, spreadsheets, reports, work orders, warranty claims, or any other document illustrating any claim made by any person for Enviroflex®, Monoflex®, and/or Omniflex® pipes to be repaired or replaced for any reason, known or unknown, and any communication written by TCI, or received from any person or entity regarding the same, from 1990 to the present.

**RESPONSE TO REQUEST NO. 16**:

None at this time.  Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 17**:

Any and all communications with federal and/or state environmental agencies, entities, officials or representatives thereof relating to, providing information about, and./or pertaining in any way to Enviroflex®, Monoflex®, and/or Omniflex® pipes and/or systems, from 1990 to the present.

12

**RESPONSE TO REQUEST NO. 17**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 18**:

Any and all documents including relating to any investigation, examination or other review regarding the cause of the problems or defects experienced by any and all of the warranty claims or repair orders or other claims made by any person for Enviroflex®, Monoflex®, and/or Omniflex® pipes or systems or components of Enviroflex®, Monoflex®, and/or Omniflex® pipes, from 1990 to the present.

**RESPONSE TO REQUEST NO. 18**:

See test by Dayco of hose returned for examination, Bates Numbers DAYCOM00004604-4622.

**REQUEST NO. 19**:

Any and all documents which indicate that additives in fuel are responsible in whole or part for any warranty claims made from 1990 to the present.

**RESPONSE TO REQUEST NO. 19**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 20**:

Any and all documents including all communications, regarding any repair, replacement, or recall program instituted by TCI for Enviroflex®, Monoflex®, and/or

Omniflex® pipe and systems or components of Enviroflex®, Monoflex®, and/or Omniflex®

pipes and systems.

**RESPONSE TO REQUEST NO. 20**:

See documents regarding recall by TCI, Bates Numbers DAYCOM00004045-4047,

DAYCOM00004623-4678.

**REQUEST NO. 21**:

Any and all documents illustrating any supply agreement between TCI and/or any

manufacturer or supplier of pipe, parts or components of Enviroflex®, Monoflex®, and/or

Omniflex® pipe and systems, including, but limited to, all contracts, correspondence,

memoranda, and/or notes.

**RESPONSE TO REQUEST NO. 21**:

See Documents relating to Supply Agreements, Bates Numbers DAYCOM00001203-

1208, DAYCOM00001277-1283, DAYCOM00004267-4273, DAYCOM00004641-4642,

DAYCOM00004679-4826.

**REQUEST NO. 22**:

Any and all documents, including, but not limited to, all emails, notes, memoranda,

letters, meeting minutes regarding TCI's termination of its supply agreements with Dayco

including , but no limited to TCI's decision to continue or terminate said agreement.

**RESPONSE TO REQUEST NO. 22**:

See Response to Request No. 21.

14

**REQUEST NO. 23**:

Any and all documents regarding or relating to contacts, investigations, discussions or any communication between TCI and any official from the state of Florida regarding the use of Enviroflex®, Monoflex®, and/or Omniflex® pipe and systems in Florida.

**RESPONSE TO REQUEST NO. 23**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 24**:

Any and all non-privileged communications to or from any source, including but not limited to, letters, memoranda, notes, emails, meetings minutes, meting agendas, videos, presentations, or any other document relating to, discussing, or pertaining in any way to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe delaminating, permeating, bloating, becoming misaligned, kinking, rotting, splitting, swelling, ballooning, experiencing fungal or microbial growths, experiencing dislodged boots, becoming destabilized or in any other manner having ceased or failed or performed for any reason, known or unknown, from 1990 to the present.

**RESPONSE TO REQUEST NO. 24**:

See Documents attached, Bates Numbers DAYCOM00000150- DAYCOM00000151, DAYCOM00003869-3872, DAYCOM00003917-3918, DAYCOM00003923-3926, DAYCOM00003998-4047, DAYCOM00004107-4108, DAYCOM00004124, DAYCOM00004128-4174, DAYCOM00004181-4188, DAYCOM00004538-4539,

DAYCOM00004541-4557,    DAYCOM00004579-4589,    DAYCOM00004604-4605,

DAYCOM00004618-4621, DAYCOM00004635-4678, and DAYCOM00004827-4863

**REQUEST NO. 25:**

Any and all document listings and/or summarizing warranty and/or repair claims of

Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®,

Monoflex®, and/or Omniflex® pipe that may be related to or caused by improper installation

or product, including but not limited to, summaries, charts, spreadsheets, reports, work

orders, warranty claims, or any other document, from 1990 to the present.

**RESPONSE TO REQUEST NO. 25**:

None at this time.  Dayco continues to search for any documents responsive to this

request and will supplement this response and production if any non-objectionable,

responsive documents are found.

**REQUEST NO. 26**:

Any and all communications to or from any source, including but not limited to,

letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos,

presentations, or any other document relating to, discussing, or pertaining in any way to

Enviroflex®, Monoflex®, and/or Omniflex® pipes or system delaminating, permeating,

bloating, becoming misaligned, kinking, rotting, splitting, swelling, ballooning, experiencing

fungal or microbial growths, experiencing dislodging boots, becoming destabilized or in any

other manner ceasing or failing to perform where improper installation of the product was

the cause or suspected cause, from 1990 to the present.

**RESPONSE TO REQUEST NO. 26**:

See Response to Request No. 24.

**REQUEST NO. 27**:

Any and all documents listing or summarizing warranty and/or repair claims of Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe that may be related to or caused by gasoline, diesel or any dispensed petroleum product having been in the sump of the Enviroflex®, Monoflex®, and/or Omniflex® system, from 1990 to the present.

**RESPONSE TO REQUEST NO. 27**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 28**:

Any and all communications to or from any source, including but not limited to, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, presentations, or any other document relating to, discussing, or pertaining in any way to Enviroflex®, Monoflex®, and/or Omniflex® pipe or system delaminating, permeating, bloating, becoming misaligned, kinking, rotting, splitting, swelling, ballooning, experiencing fungal or microbial growths, experiencing dislodging boots, becoming destabilized or in any other manner ceasing or failing to perform where gasoline, diesel or any dispensed petroleum product having been in the sump of the Enviroflex®, Monoflex®, and/or Omniflex® system was the suspected cause, from 1990 to the present.

**RESPONSE TO REQUEST NO. 28**:

See Response to Request No. 24.


**REQUEST NO. 29:**

Any and all communications, including but not limited to, letters, memoranda, emails, notes, drafts, meeting minutes, agendas, and presentations, between TCI and any manufacturer, distributor or supplier of any component of Enviroflex®, Monoflex®, and/or Omniflex® pipes discussing or in any manner related to any Enviroflex®, Monoflex®, and/or Omniflex® pipes delaminating, permeating, bloating, being misaligned, kinking, rotting, splitting, swelling, ballooning, experiencing fungal or microbial growths, experiencing dislodged boots, becoming destabilized or in any other manner ceasing or failing to perform for any reason, from 1990 to the present.

**RESPONSE TO REQUEST NO. 29**:

See Response to Request No. 24.

**REQUEST NO. 30**:

Any and all internal documents, including but not limited to, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, or presentations, reflecting, or in any manner relating to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe having been permeated, bloated, rotted, split, destabilized or in any other manner having ceased or failed to perform for any reason from 1990 to the present.

**RESPONSE TO REQUEST NO. 30**:

See Response to Request No. 24.

**REQUEST NO. 31**:

Any and all documents, including but not limited to, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, or presentations, reflecting, or in any manner relating to TCI's corporate response or the response of any individual, consultant, team, group, committee, advisor or other person, to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipe being susceptible to permeation, bloat, rot, splitting, destabilization, or any other manner or type of substandard performance or performance failure, regardless of the reason, from 1990 to the present.

**RESPONSE TO REQUEST NO. 31**:

See Response to Request No. 24.

**REQUEST NO. 32**:

Any and all non-privileged documents, including but not limited to, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, or presentations, reflecting, or in any manner relating to complaints, warranty claims, potential claims, TCI's potential liability and or the liability of others for any claims, or litigation in any manner related to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex®, from 1990 to the present.

**RESPONSE TO REQUEST NO. 32**:

See Response to Request No. 24.

19

**REQUEST NO. 33**

Any and all charts, lists, spreadsheets, reports, sales figures, communications, including emails and/or any communication, and/or invoices which illustrate each and every sale of any of TCI's products, either through a distributor or to individual consumers, of Enviroflex®, Monoflex®, and/or Omniflex® pipes, from 1990 to the present.

    **RESPONSE TO REQUEST NO. 33**:

    None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 34**:

Any and all rosters, address lists, spreadsheets, lists, charts, account files, or any other document that list the distributors of Enviroflex®, Monoflex®, and/or Omniflex® pipes and systems, from 1990 to the present.

    **RESPONSE TO REQUEST NO. 34**:

    None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 35**:

Any and all sales summaries, invoices, spreadsheets, lists, charts, account files, or any other document that lists the names and addresses of individual purchasers of Enviroflex®, Monoflex®, and/or Omniflex® pipes, from 1990 to the present.

**RESPONSE TO REQUEST NO. 35**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 36**:

Any and all documents related to being self-insured, including but not limited to, accounts, ledgers, business plans, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, and/or presentations, reflecting, or in any manner relating to any plans to become or remain self-insured for any purpose, and/or any amounts of money or assets retained to provide for any potential liabilities TCI may be required to absorb related to Enviroflex®, Monoflex®, and/or Omniflex® pipes and/or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipes, from 1990 to the present.

**RESPONSE TO REQUEST NO. 36**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 37**:

Each and every document relating to TCI's certified pipe installers including documents used in training and/or certifying installers of Enviroflex®, Monoflex®, and/or Omniflex® pipes and systems, including but not limited to training books, manuals, videos, certificates, communications, and/or contracts, from 1990 to the present.

**RESPONSE TO REQUEST NO. 37**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 38**:

Each and every document relating to the proper maintenance of Enviroflex®, Monoflex®, and/or Omniflex® pipes and systems, including but lot limited to training books, manuals, videos, certificates, and communications, from 1990 to the present.

**RESPONSE TO REQUEST NO. 38**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 39**:

Any and all non-privileged documents, including but not limited to, letters, memoranda, notes, emails, meeting minutes, meeting agendas, videos, or presentations, in any manner related to industry or technical standards, such as, but not limited to, UL and/or ASTM, as they relate to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipes, from 1990 to the present.

**RESPONSE TO REQUEST NO. 39**:

See UL Documents, Bates Numbers DAYCOM00001729, DAYCOM00001758-1767, DAYCOM00002047-2056, DAYCOM00003672-3677, DAYCOM00003703-3707, and DAYCOM00004864-5511.

**REQUEST NO. 40**:

Any and all documents about, to or from any standard setting organization, such as, but not limited to, ASTM, any industry organization, and/or any state or federal governmental entity relating to Enviroflex®, Monoflex®, and/or Omniflex® pipes or any component of any Enviroflex®, Monoflex®, and/or Omniflex® pipes, including but not limited to, letters, memoranda, emails, notes, drafts, meeting minutes, agendas, and presentations, from 1990 to present.

**RESPONSE TO REQUEST NO. 40**:

See Response to Request No. 39.

**REQUEST NO. 41**:

Any and all documents illustrating TCI's relationship with/to each and every supplier of pipe and/or pipe components for the manufacturer of Enviroflex®, Monoflex®, and/or Omniflex® system, including but not limited to, contracts, letter agreements, correspondence, memoranda, emails, and notes from 1990 to the present.

**RESPONSE TO REQUEST NO. 41**:

See Response to Request No. 21.

**REQUEST NO. 42**:

Any and all documents relating to any litigation or potential litigation with any manufacturer of pipe and/or pipe components for the manufacturer of Enviroflex®, Monoflex®, and/or Omniflex® system, from 1990 to the present.

23

**RESPONSE TO REQUEST NO. 42**:

None at this time.  Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 43**:

Any and all documents relating to any litigation or potential litigation with any supplier of pipe and/or pipe components for the manufacture of Enviroflex®, Monoflex®, and/or Omniflex® system, from 1990 to the present.

**RESPONSE TO REQUEST NO. 43**:

None at this time.  Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 44**:

Any and all documents relating to any litigation or potential litigation with any party over ownership of patents relating to the design and/or manufacture of Enviroflex®, Monoflex®, and/or Omniflex® system piping, from 1990 to the present.

**RESPONSE TO REQUEST NO. 44**:

Objection.  The information being requested is not calculated to lead the discovery of admissible information.

**REQUEST NO. 45**:

Any and all communications, including but not limited to, letters, memoranda, emails, press releases, notes draft, meeting minutes, or agendas between TCI and any reporter or representative of any wire service, trade journal, newsletter, magazine or periodical or any type, printed or electronic, from1990 to the present.

24

**RESPONSE TO REQUEST NO. 45**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 46**:

Any and all articles, stories, release or publications written about Enviroflex®, Monoflex®, and/or Omniflex® pipe by any reporter and/or representative of any wire service, trade journal, newsletter, magazine or periodical or any type, printed or electronic, and any communication including but not limited to, letters, memoranda, emails, press releases, notes, drafts, meeting minutes, or agendas related in any manner to same, from 1990 to the present.

**RESPONSE TO REQUEST NO. 46**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

**REQUEST NO. 47**:

Any and all press releases, marketing brochures, websites, current and/or archived, advertisements and any other material created by TCI or any other entity, which provides information about Enviroflex®, Monoflex®, and/or Omniflex® pipe, from 1990 to the present.

**RESPONSE TO REQUEST NO. 47**:

None at this time. Dayco continues to search for any documents responsive to this request and will supplement this response and production if any non-objectionable, responsive documents are found.

25

Dayco reserves the right to amend and/or supplement these discovery responses as warranted during this case.

Respectfully submitted,

CARPENTER, INGRAM & MOSHOLDER, LLP

Brian Mosholder (MOS-018)
John C. DeShazo (DES-007)
303 Sterling Centre
4121 Carmichael Rd.
Montgomery, AL 36106
Telephone:  (334) 213-5600
*Counsel for Dayco Products, LLC &
Mark IV Industries, Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served upon the below listed counsel of record by hand delivery as indicated or by placing a copy of same in the U. S. mail, postage prepaid and properly addressed this 23rd day of December, 2005.

L. Cooper Rutland, Jr., Esq. – Hand delivery
Rutland and Braswell, LLC
208 North Prairie Street
Union Springs, AL 36089

Nicola T. Drake, Esq. – Hand delivery
Whatley Drake, LLC
2323 2nd Avenue No.
P. O. B. 10647
Birmingham, AL 35202

Lynda Hill, Esq.
T. Harold Pinkley, Esq.
Miller & Martin
1200 1 Nashville Place
150 4th Avenue North
Nashville, TN 37219-2433

Alan T. Rogers, Esq.
Paul A. Clark, Esq.
Balch & Bingham
1710 6th Avenue North
P. O. Box 306
Birmingham, AL 35201-0306

Walter E. McGowan, Esq
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama 36083-0239

BRIAN MOSHOLDER