IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MAY'S DISTRIBUTING ) <br> COMPANY, INC., ET AL., ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> TOTAL CONTAINMENT, INC., ) <br> ET AL., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 2:06cv702-MEF |

_____

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**
_____

Defendant Total Containment, Inc. ("TCI"), pursuant to Federal Rules of Civil Procedure Rules 7 and 12, hereby submits this Answer and Affirmative Defenses to Plaintiff May's Distributing Company, Inc.'s ("Plaintiff") Fourth Amended Class Action Complaint.

**ANSWER TO CLASS ACTION COMPLAINT**

1.  Upon information and belief, TCI admits the allegations of sentences 1 and 2 of Paragraph No. 1 of Plaintiff's Complaint. TCI denies the remaining allegations of Paragraph No. 1 of Plaintiff's Complaint.

2.  TCI admits it is a Pennsylvania corporation which did business in the State of Alabama and is in bankruptcy. TCI denies the remaining allegations of Paragraph No. 2 of the Plaintiff's Complaint.

3. Defendant is without sufficient information to admit or deny the allegations of Paragraph No. 3 of the Plaintiff's Complaint and therefore denies the allegations of Paragraph No. 3 of the Plaintiff's Complaint.

4. Defendant is without sufficient information to admit or deny the allegations of Paragraph No. 4 of the Plaintiff's Complaint and therefore denies the allegations of Paragraph No. 4 of the Plaintiff's Complaint.

5. Defendant without sufficient information to admit or deny the allegations of Paragraph No. 5 of the Plaintiff's Complaint and therefore denies the allegations of Paragraph No. 5 of the Plaintiff's Complaint.

6. Defendant is without sufficient information to admit or deny the allegations of Paragraph No. 6 of the Plaintiff's Complaint and therefore denies the allegations of Paragraph No. 6 of the Plaintiff's Complaint.

7. Defendant is without sufficient information to admit or deny the allegations of Paragraph No. 7 of the Plaintiff's Complaint and therefore denies the allegations of Paragraph No. 7 of the Plaintiff's Complaint.

## Jurisdiction and Venue

8. Defendant denies the allegations of Paragraph No. 8 of the Plaintiff's Complaint.

9. Defendant denies the allegations of Paragraph No. 9 of the Plaintiff's complaint and demands strict proof thereof.

10.     Defendant denies the allegations of Paragraph No. 10 of the Plaintiff's Complaint.

## Statement of Facts

11.     Defendant denies the allegations of Paragraph No. 11 of the Plaintiff's Complaint as stated.

12.     Defendant denies the allegations of Paragraph No. 12 of the Plaintiff's Complaint as stated.

13.     Defendant denies the allegations of Paragraph No. 13 of the Plaintiff's Complaint as stated.

14.     TCI is without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 14 as they do not pertain to TCI. To the extent a response is required, TCI denies the allegations of Paragraph No. 14 of the Plaintiff's Complaint.

15.     TCI is without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 15 as they do not pertain to TCI. To the extent a response is required, TCI denies the allegations of Paragraph No. 15 of the Plaintiff's Complaint.

16.     TCI is without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 16 as they do not pertain to TCI. To

the extent a response is required, TCI denies the allegations of Paragraph No. 16 of the Plaintiff's Complaint.

17. TCI is without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 17 as they do not pertain to TCI. To the extent a response is required, TCI denies the allegations of Paragraph No. 17 of the Plaintiff's Complaint.

18. TCI is without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 18 as they do not pertain to TCI. To the extent a response is required, TCI denies the allegations of Paragraph No. 18 of the Plaintiff's Complaint.

19. TCI denies the allegations of Paragraph No. 19 of the Plaintiff's Complaint.

20. TCI denies the allegations of Paragraph No. 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations of Paragraph No. 21 of the Plaintiff's Complaint as stated.

22. Defendant denies the allegations of Paragraph No. 22 of the Plaintiff's Complaint as stated..

23. TCI denies the allegations of Paragraph No. 23 of the Plaintiff's Complaint.

24. TCI denies the allegations of Paragraph No. 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations of Paragraph No. 25 of the Plaintiff's Complaint as stated.

26. TCI is without sufficient knowledge or information to admit or deny the allegations of Paragraph No. 26 as they do not pertain to TCI. To the extent a response is required, TCI denies the allegations of Paragraph No. 26 of the Plaintiff's Complaint.

27. TCI denies the allegations of Paragraph No. 27 of the Plaintiff's Complaint.

28. TCI denies the allegations of Paragraph No. 28 of the Plaintiff's Complaint.

29. TCI denies the allegations of Paragraph No. 29 of the Plaintiff's Complaint.

## Class Action Allegations

30. TCI denies the allegations of Paragraph No. 30 of the Plaintiff's Complaint.

31. TCI denies the allegations of Paragraph No. 31 of the Plaintiff's Complaint.

32. TCI denies the allegations of Paragraph No. 32 of the Plaintiff's Complaint.

33. TCI denies the allegations of Paragraph No. 33 of the Plaintiff's Complaint.

34. TCI denies the allegations of Paragraph No. 34 of the Plaintiff's Complaint.

35. TCI denies the allegations of Paragraph No. 35 of the Plaintiff's Complaint.

36. TCI denies the allegations of Paragraph No. 36 of the Plaintiff's Complaint.

37. TCI denies the allegations of Paragraph No. 37 of the Plaintiff's Complaint.

## CLASS DEFINITION

38. TCI denies the allegations of Paragraph No. 38 of the Plaintiff's Complaint.

## NEGLIGENCE

39. TCI adopts and realleges as though fully set forth its responses to Paragraphs No. 1-38 of the Plaintiff's Complaint.

40. TCI denies the allegations of Paragraph No. 40 of the Plaintiff's Complaint.

41. TCI denies the allegations of Paragraph No. 41 of the Plaintiff's Complaint.

TCI denies the Prayer for Relief, denies the Plaintiff is entitled to any damages and respectfully requests this Court enter an Order dismissing the Plaintiff's claim with prejudice and taxing all court costs against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Except as expressly admitted, TCI denies the allegations of Plaintiff's Complaint and demands strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

TCI denies the numerosity requirement can be met in this case.

### THIRD AFFIRMATIVE DEFENSE

TCI denies the commonality of legal and factual questions requirements can be met in this case.

### FOURTH AFFIRMATIVE DEFENSE

TCI denies the typicality and predominance requirements can be met in this case.

### FIFTH AFFIRMATIVE DEFENSE

TCI denies Plaintiff will thoroughly and adequately represent and protect the interests of the proposed class members.

### SIXTH AFFIRMATIVE DEFENSE

TCI denies the requirements of Federal Rules of Civil Procedure, Rule 23(a) can be met in this case.

### SEVENTH AFFIRMATIVE DEFENSE

TCI denies the requirements of Federal Rules of Civil Procedure, Rule 23(b) can be met in this case.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of consent, waiver, estoppel, laches and/or justification.

### TWELTH AFFIRMATIVE DEFENSE

TCI denies it breached any legal duty to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

TCI denies it proximately caused any damage to the Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff has suffered any damages, the damages were caused by others and not TCI.

**FIFTEENTH AFFIRMATIVE DEFENSE**

TCI denies Plaintiff has been damaged.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to properly mitigate its damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

TCI pleads the defenses of contributory negligence and assumption of the risk.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

TCI reserves the right to amend its Answer and Affirmative Defenses to Plaintiff's Fourth Amended Complaint to raise any additional defenses that may become available during the discovery process.

**NINETEENTH AFFIRMATIVE DEFENSE**

TCI states any potential recovery against TCI is limited by the terms of the insurance contracts identified by the United States Bankruptcy Court for the Eastern District of Pennsylvania in its December 2004 Order relieving the automatic stay, Bankr. No. 04:13144 (BIF).

## TWENTIETH AFFIRMATIVE DEFENSE

TCI pleads the protections of the United States Bankruptcy Court for the Eastern District of Pennsylvania and specifically the December 2004 Order relieving the automatic stay, Bankr. No. 04:13144 (BIF).

                                        Respectfully submitted,

                By:    *E. Britton Monroe*
                       E. Britton Monroe (MON032)
                       Jenna M. Bedsole (MCC107)
                       Rachel E. VanNortwick (VAN040)
                       Attorneys for Defendant, Total Containment, Inc.

OF COUNSEL:

LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, AL  35223
(205) 967-8822
(205) 967-2380 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 20th day of September 2006, served a copy of the foregoing via electronic mail upon the following:

Lynn Jinks
Christy Crow
JINKS, DANIEL & CROW, LLC
Post Office Box 350
Union Springs, AL  36089

Russell Jackson Drake
Nicola Thompson Drake
WHATLEY DRAKE & KALLAS, L.L.C.
2323 Second Avenue North
P.O. Box 1067
Birmingham, AL  35202-0647
(205) 328-9576
(205) 328-9669 Facsimile

Welsey L. Laird
LAIRD, BAKER & BLACKSTOCK, LLC
501 North Main Street
Opp, AL  36467

L. Cooper Rutland, Jr.
RUTLAND AND BRASWELL, LLC
208 North Prairie Street
Union Springs, AL  36089

Attorneys for Ticona Polymers, Inc.
Alan T. Rogers, Esq.
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL  35201-0306
arogers@balch.com

Paul A. Clark, Esq.
BALCH & BINGHAM, LLP
Post Office Box 78
Montgomery, AL  36101
pclark@balch.com

Paul M. O'Connor III, Esq.
Seth A. Moskowitz, Esq.
Jon Avins, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN
1633 Broadway
New York, NY  10019-6799
poconnor@kasowitz.com
smoskowitz@kasowitz.com

Walter B. Calton, Esq.
Post Office Box 696
Eufaula, AL  36072-09696
wcalton@bellsouth.net

Attorneys for Cleveland Tubing, Inc.
James H. McLemore, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL  36102-2069

T. Harold Pinkley, Esq.
MILLER & MARTIN, LLP
1200 First Union Tower
150 Fourth Avenue North
Nashville, TN  37219

Lynda M. Hill, Esq.
James Williams, Esq.
MILLER & MARTIN, PLCC
Suite 1000, Volunteer Bldg.
832 Georgia Avenue
Chattanooga, TN  37402
jhill@millermartin.com
jwilliams@millermartin.com

Attorneys for Dayco Products, Inc.
And Mark IV Industries, Ltd.
Joseph T. Carpenter, Esq.
Nathan C. Prater, Esq.
Brian Mosholder, Esq.
John Deshazo, Esq.
CARPENTER, PRATER, INGRAM
 & MOSHOLDER LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, AL  36106
jccarpenter@carpenterfirm.com
nprater@carpenterfirm.com
bmosholder@carpenterfirm.com
jdeshazo@carpenterfirm.com

Kimberly W. Sayoc, Esq.
LIPPES SILVVERSTEIN
MATHIAS & WEXLER
700 Guaranty Building
28 Church Street
Buffalo, NY  14202-3950
ksayoc@tippes.com

L. Shane Seaborn, Esq.
Myron C. Penn, Esq.
PENN & SEABORN, LLC
Post Office Box 688
Clayton, AL  36106

Attorneys for Underwriters Laboratories, Inc.
Walter E. McGowan, Esq.
GRAY, LANGFORD, SAPP, MCGOWAN,
 GRAY & NATHANSON
P.O. Box 830239
Tuskegee, AL  36083-0239
wem@glamgn.com

Charles Donald Marshall, III, Esq.
John Olinde, Esq.
Brent Arnold Talbot, Esq.
Robert S. Booth, Esq.
CHAFFE MCCALL, PHILLIPS,
1100 Poydras Street
New Orleans, LA  70163
(504) 585-7000
Talbot@chaffe.com
olinde@chaffe.com
marshall@chaffe.com
rooth@chaffe.com

Notice will be delivered by other means to the following:

Richard B. Eason, II
Adams & Reese
4500 One Shell Square
New Orleans, LA  70139

13

Lindsey M. Glah
Obermeyer Rebmann Maxwell
 & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd
Philadelphia, PA  19103-1895

William K. Pelosi
Obermeyer Rebmann Maxwell
& Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd
Philadelphia, PA  19103-1895

          *E. Britton Monroe*
         OF COUNSEL