# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| * * * * * * * * * * * * * | |
| MAY'S DISTRIBUTING CO. INC., * | |
| * | Civ. Action No. 2:06-CV-702 |
| Plaintiff, * | |
| * | Judge Fuller |
| vs. * | |
| * | |
| TOTAL CONTAINMENT, INC., ET AL * | |
| * | |
| Defendants * | JURY TRIAL REQUESTED |
| * * * * * * * * * * * * * | |

## DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants, Dayco Products, LLC and Mark IV Industries, Ltd. (hereinafter "Dayco"), file this brief sur-reply in further opposition to Plaintiff's Motion to Remand in order to clarify contentions made in Plaintiff's Reply Brief.

First, Plaintiff cites no paragraph to prove that the four previous complaints included all of Dayco's products over a seven-year period. The omission is telling—none of the previous complaints alleged defects in every Dayco product for the period 1990-1997. The previous complaints only related to the gas station with the allegedly defective hose which was replaced in 2002. *See* Third Am. Compl. at ¶¶18-21.

Second, while Plaintiff contends that Defendants bear the burden to establish jurisdiction, Plaintiff does not contest the fact that the amount in controversy and the requisite minimal jurisdiction are present here in this case to establish jurisdiction under CAFA. Thus, the required elements for federal jurisdiction are present and have been

unquestionably established. Once Defendant has proved these basic elements, the burden shifts back to Plaintiff to demonstrate why jurisdiction should not be present. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159 (11th Cir. 2006).

Third, Plaintiff suggests that the Court should follow the district court cases that conclude that a case can only be commenced once for CAFA purposes. Plaintiff does not address the federal district and Circuit Court cases which hold otherwise, in line with the traditional notions that an amended complaint can commence a new suit in certain circumstances.

Finally, Defendants disagree with Plaintiff's erroneous suggestion that overly broad discovery can substitute for proper pleading. Defendants objected to the overly broad discovery precisely because it went far beyond the case. It is black letter law that parties are allowed to conduct broad discovery, far beyond that which is admissible. *See* F.R.C.P. 26(b). However, this far-reaching discovery does not serve to enlarge or amend the pleadings. Regardless of the broad or inappropriate discovery sought in this case, the previous complaints all involved the system installed in 1998 and removed in 2002. The Fourth Amended Complaint adds allegations relating to all Dayco products manufactured between 1990 and 1997, far beyond any prior complaint. That Plaintiff sought some discovery on other Dayco products does not change the allegations in the complaint.

        Respectfully submitted,

        /s/ James E. Blazek
        JAMES E. BLAZEK (LA 3154)
        RICHARD B. EASON (LA 5248)
        DONNA M. BORRELLO (LA 16817)
        Adams and Reese LLP
        4500 One Shell Square
        New Orleans, LA  70139
        Telephone:  (504) 581-3234
        Facsimile:  (504) 566-0210
        jim.blazek@arlaw.com
        ***Attorneys for Defendants, Dayco Products, LLC, and Mark IV Industries, Ltd.***

OF COUNSEL:
BRIAN MOSHOLDER (MOS-018)
Carpenter, Ingram & Mosholder, LLPO
4121 Carmichael Road, Suite 303
Montgomery, AL  36106
Telephone:  (334) 213-5600
bmosholder@carpenterfirm.com

MYRON PENN
Penn & Seaborn, LLC
P. O. Box 688
Clayton, AL  36106
Telephone:  (3334) 738-4486
myronpenn28@hotmail.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the parties and counsel who are filing users, and that service was accomplished on any counsel who is not a filing user by United States Mail on September 28, 2006.

          /s/ James E. Blazek
          James E. Blazek