IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MAY'S DISTRIBUTING COMPANY, INC.,

    plaintiff,                              No. 06-702 MEF

v.

TOTAL CONTAINMENT, INC., et al.,

    defendants.

MEMORANDUM OF LAW IN SUPPORT OF
COMMERCE & INDUSTRY INSURANCE COMPANY OF CANADA'S
MOTION FOR LEAVE TO INTERVENE

Commerce & Industry Insurance Company of Canada (C&I) submits this memorandum of law in support of its Motion for Leave to Intervene under Fed. R. Civ. P. 24.

**I.**    **Facts.**

C&I issued the following policies covering the period June 30, 1999, to December 24, 2002, for the benefit of Total Containment, Inc. (TCI): No. 546-85-09, effective June 30, 1999, to June 30, 2000; (2) No. 546-87-45, effective June 30, 2000, to June 30, 2001; (3) No. 546-89-97, effective June 30, 2001, to June 30, 2002; and (4) No. 546-93-58, effective June 30, 2002, to December 24, 2002. The 2002 policy would have ended on June 30, 2003, if it had not been cancelled. Each policy is a claims-made policy with a Retroactive Date of January 24, 1989. They each have a $10 million products-completed and each occurrence limit that is excess of a $100,000 per occurrence self-insured retention. C&I has the right, but not the duty, to defend TCI for losses that fall within the retention. A copy of each policy is attached as Exhibit A to C&I's proposed complaint.

On March 4, 2004, TCI filed for bankruptcy protection. May's moved the bankruptcy court for an order lifting the automatic stay to permit it to prosecute its claims against TCI. The bankruptcy court granted the motion in part in an order dated December 14, 2004 (the Bankruptcy Order). In that order, which is attached as Exhibit B to C&I's proposed pleading, the bankruptcy court modified the stay to permit May's to prosecute its claims against TCI but its recovery is limited to "insurance proceeds, if any exists."

In a letter dated September 6, 2006, counsel for TCI's Plan Administrator notified C&I's counsel that May's had filed a fourth amended complaint. The Plan Administrator requested that C&I defend and indemnify TCI with respect to May's suit. This letter is attached as Exhibit C to the proposed pleading.

In a letter dated September 20, 2006, C&I informed counsel for the Plan Administrator that C&I has determined that for business reasons, subject to a full reservation of rights, it will share in the defense of TCI's underlying liability in the lawsuit with other insurers. This letter is attached as Exhibit D to the proposed pleading. The Plan Administrator indicated in its September 6, 2006, letter that it is not defending the action. By defending the liability, C&I has not agreed to cover TCI under the policy or made a determination regarding whether the policy provides coverage for the plaintiff's claims. C&I believes that TCI may not be entitled to a defense and the plaintiff may not be entitled to recover under any policy for any damages it has suffered. C&I further reserved its right to withdraw from defending TCI's liability and to assert any coverage defenses to which it may be entitled.

## II. Argument.

C&I seeks to intervene in this matter to obtain a declaratory judgment regarding its coverage obligations under its policy for any damages for which TCI is held liable. Fed. R. Civ. P. 24 provides for both intervention as of right and permissive intervention. C&I satisfies both the criteria for intervention as of right under Fed. R. Civ. P. 24(a) and permissive intervention under Fed. R. Civ. P. 24(b).

### A. Intervention as of right under Fed. R. Civ. P. 24(a).

A party may seek to intervene in a case as of right or by the court's permission under Fed. R. Civ. P. 24. Under Fed. R. Civ. P. 24(a), a party may intervene as of right if it satisfies the following conditions: (1) the application to intervene is timely; (2) the movant has an interest relating to the property or transaction that is the subject of the action; (3) the movant is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the movant's interest is represented inadequately by the existing parties to the suit.[1] *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-1309 (11th Cir. 2004); *Midwest Emplrs. Cas. Co. v. East Ala. Health Care*, 170 F.R.D. 195, 197 (M.D. Ala. 1996). "Once a party establishes these criteria, the district court must allow the party to intervene." *Federal Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993).

---

[1] Fed. R. Civ. P. 24(a) provides as follows:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

9

323431v.1

### 1. Timeliness.

Whether an application to intervene is timely is not limited to chronological considerations and must be determined based on all the circumstances. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). Among other things, the following factors are relevant:

1. the length of time the movant knew or reasonably should have known of its interest in the case before petitioning for leave to intervene;

2. the prejudice existing parties may suffer due to the movant's failure to apply to intervene when the movant knew or reasonably should have known of its interest in the case;

3. the prejudice the movant would suffer if the motion is denied; and

4. the existence of any unusual circumstances that might support the application being timely.

*Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir. 1989). *See also Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1479 (11th Cir. 1993) (applying these factors). "[T]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir.1970). *See also Chiles*, 865 F.2d at 1213.

Under the circumstances of this case, C&I's motion to intervene is timely. C&I can protect its interests in this matter either while this case is being adjudicated or after plaintiffs are awarded a judgment and seek to enforce that judgment. The motion can not be untimely when C&I could legitimately wait until later to protect is interests. Adjudicating coverage under the policies at this time will conserve the parties' and the court's resources. Factual issues germane to the underlying liability and the coverage

10

323431v.1

issues can be determined in one case. Further, plaintiff is most likely aware that coverage issues exist and it may anticipate intervention, if not welcome it.

Given the current status of the case, the existing parties will suffer no prejudice if C&I is permitted to intervene. Fact discovery has taken place but it is not complete and it is currently stayed. No expert discovery has occurred. More importantly, the parties have not yet addressed class certification. At this point in the litigation, none of the existing parties can reasonably claim that its interests will in any way be affected by C&I seeking to intervene.

C&I's interests, however, will potentially be prejudiced if it is not permitted to intervene. As noted above, C&I is defending the underlying liability because its policies may have to respond if TCI is found liable to plaintiffs. It should not be required to expend significant resources waiting until plaintiff seeks to enforce a judgment to know whether or to what extent it may have to respond under the policy.

    2.  **Interest in the litigation.**

The next two factors are related: whether C&I has an interest relating to the property or transaction that is the subject of the action and whether this interest will be impaired or impeded by the disposition of the action. C&I has a substantial interest in this litigation that will be impaired or impeded by the action's disposition.

A party seeking to intervene as of right must have a direct, substantial and legally protectible interest in the case that makes it a real party in interest. *Chiles*, 865 F.2d at 1213-1214, *Midwest Emplrs. Cas. Co.*, 170 F.R.D. at 197. The movant's interest, however, does not have to be identical to the claims asserted in the main action. *Chiles*, 865 F.2d at 1214. Whether a movant has an interest in a particular case involves a

11

flexible inquiry that focuses on the specific facts and circumstances. *Chiles*, 865 F.2d at 1214.

C&I is a real party in interest in this case. C&I has a direct, substantial and legally protectible interest because it, unlike TCI, has potentially substantial exposure to liability in this case. Under the Bankruptcy Order, although plaintiff may pursue its suit against TCI, it may not recover any damages from TCI. It is effectively immune from suit. Plaintiff may recover only from insurance policies issued to TCI by its insurers. C&I, as one of those insurers, may be liable to plaintiff for any damages it is entitled to recover from TCI. The C&I policies each have a $10 million products-completed and each occurrence limit. As the party that may pay a judgment entered against TCI, C&I has a substantial interest in determining what, if any, exposure it may have under these policies for plaintiff's claim.

C&I has an interest as well because the facts that will determine whether TCI is liable for plaintiff's damages will also determine whether C&I has any coverage obligations under its policy. The policies, like many insurance policies, set forth specific conditions to create coverage and exclude certain risks from coverage. C&I's contractual rights and obligations under the policy depend not only on whether TCI is found liable but also on the nature of that liability. Accordingly, C&I has a direct interest in the facts determined in this matter and the outcome of will directly affect C&I's interests under its policy.

Finally, C&I has a direct and substantial interest in this matter because plaintiff is the real party in interest with respect to the coverage provided under the C&I policy. Although the policy may be TCI's property, the bankruptcy court, citing *Houston v.*

12

323431v.1

*Edgeworth (In re Edgeworth)*, 993 F.2d 51, 54-55 (5th Cir. 1993), has held that proceeds are not.[2] If TCI is found liable, it will be C&I that must pay any damages to the extent they are covered under the policy. TCI will not have to pay any judgment whether or not plaintiff can recover from C&I. Plaintiff, not TCI, has a stake in the scope of coverage, if any, provided under the C&I policy for damages for which TCI is found liable.

As a real party in interest, C&I's interests may be impaired or impeded by the disposition of this action. As noted above, the facts relevant to TCI's liability and C&I's coverage obligations are the same. If C&I is not permitted to intervene, it will have to file a separate action to resolve factual issues that are already before this Court. *See Clement v. Mt. States Logistics*, No. CIV-05-0590 JB/RLP, 2006 U.S. Dist. LEXIS 28780 at *7-*8 (D.N.M. March 29, 2006) (holding that the necessity of filing a separate action impaired interests of insurer seeking to intervene in case). Separate actions create the possibility of inconsistent factual determinations and C&I may be precluded from relitigating facts determined in this action.

### 3.   C&I's interest is not adequately represented.

With respect to representation, "the requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Meek*, 985 F.2d at 1478 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Any doubts about permitting intervention should be resolved in favor of the proposed interveners. *Meek*, 985 F.2d at 1478.

---

[2] *In re Total Containment, Inc.*, No. 04-13144F (E.D. Pa. filed March 4, 2004), Order dated March 14, 2006 (Docket No. 607). A copy is attached to this memorandum as Exhibit A. *See also, In re CHS Elecs., Inc.*, 261 B.R. 538, 542 (Bankr. S.D. Fla. 2001); *In re Scott Wetzel Servs.*, 243 B.R. 802, 804 (Bankr. M.D. Fla. 1999). *But see, In re Taylor Agency, Inc.*, 281 B.R. 354, 360 (Bankr. D. Ala. 2001).

13

323431v.1

No existing party represents C&I's interests in this action. All the parties in this action have interests adverse to TCI and C&I. Plaintiff seeks to hold TCI liable for alleged defects in the flexhose product that is the subject of this litigation. Because plaintiff can only recover from TCI's insurers, it has an interest in arguing for expansive coverage under the C&I policies regardless of its actual limitations. The other defendants have an interest is demonstrating that TCI is liable for any damages plaintiff may have suffered. They too benefit from expansive coverage under the C&I policies. The more expansive the coverage the less likely plaintiff will be required to focus on them as the liable parties. *See Falls Chase*, 983 F.2d at 216 (holding that interests were not adequately represented where parties had interests inimical to those of the proposed intervener).

**B.     Permissive intervention under Fed. R. Civ. P. 24(b).**

Alternatively, the court may permit a party to intervene under Fed. R. Civ. P. 24(b). A party seeking to intervene under Rule 24(b) must show that (1) the application to intervene is timely and (2) there is a question of law or fact in common between the movant's claim or defense and the main action.[3] *Chiles*, 865 F.2d at 1213.

Both of these criteria are satisfied in this case. As demonstrated above, the application is timely because C&I is seeking to intervene at this time even though its interests could be adjudicated at a later date. There are also questions of fact in common

---

[3] Fed. R. Civ. P. 24(b) provides as follows:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

14

323431v.1

between C&I's claims and the main action. The facts that will determine whether TCI is liable to plaintiff will also determine whether C&I has any coverage obligations under the policy.

Because the factual issues are the same, judicial economy favors permitting C&I to intervene in this action to determine the coverage under the policy. *See Newby v. Enron Corp. (In re Enron Corp. Secs)*, 229 F.R.D. 126 (S.D. Tex. 2005) (noting that permissive joinder serves judicial economy), *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 414 (N.D. Cal. 2004) (noting that judicial economy is relevant to permissive joinder). If C&I is not permitted to intervene, it will have to file a separate action in which many of the same issues will have to be litigated. A separate action would not be a good use of the parties' or the court's resources.

### III. CONCLUSION.

For the reasons stated above, Commerce & Industry Insurance Company of Canada respectfully requests that the Court grant its motion to intervene under Fed. R. Civ. P. 24 in this matter.

                Respectfully submitted,

                /s/ S. Lisa Frost
                John W. Dodson, Esq.    DOD012
                S. Lisa Frost, Esq.      MOR065
                Ferguson, Frost & Dodson, LLP
                Post Office Box 430189
                Birmingham, Alabama 35243
                Telephone: (205) 879-8722
                Facsimile: (205) 879-8831
                Counsel for Commerce & Industry
                Insurance Company of Canada

Richard W. Bryan, Esq.
Paul D. Smolinsky, Esq.
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Suite 300
Washington, DC 20036
Additional Counsel for Commerce & Industry
Insurance Company of Canada (who will be filing
immediately for admission *pro hac vice*)

323431v.1

## CERTIFICATE OF SERVICE

This is to certify that on this the 28th day of December 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**ATTORNEYS FOR PLAINTIFF**

Lynn W. Jinks, III
Christy Crow
JINKS, DANIEL & CROW, LLC
Post Office Box 350
Union Springs, AL 36089
334-738-4225  Phone
334-738-4229  Fax

Russell Jackson Drake
Nicola Thompson Drake
WHATLEY DRAKE & KALLAS, LLC
Post Office Box 10647
Birmingham, AL 35202-0647
205-328-9576  Phone
205-328-9669  Fax

Wesley L. Laird
LAIRD, BAKER & BLACKSTOCK
501 North Main Street
Opp, AL 36467
334-493-9716 Phone
334-493-9715 Fax

L. Cooper Rutland, Jr.
RUTLAND AND BRASWELL, LLC
208 North Prairie Street
Union Springs, AL 36089
334-738-4770 Phone
334-738-4774 Fax

**ATTORNEYS FOR TICONA POLYMERS, INC.**

Walter B. Calton
Post Office Box 696
Eufaula, AL 36072-0696
334-687-2407  Phone
334-687-2466  Fax

Alan T. Rogers
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL 35201-0306
205-251-8100  Phone
205-266-8798 Fax

Paul A. Clark
BALCH & BINGHAM, LLP
Post Office Box 78
Montgomery, AL 36101
334-834-6500  Phone
334-269-3155  Fax

Paul M. O'Conner, III
Seth A. Moskowitz
Jon Avins
KASOWITZ, BENSON, TORRES
& FRIEDMAN
1633 Broadway
New York, NY 10019-6799
212-506-1917  Phone
212-506-1800  Fax

323431v.1

**ATTORNEYS FOR CLEVELAND TUBING, INC.**
James H. McLemore
CAPELL & HOWARD
Post Office Box 2069
Montgomery, AL 36102
334-241-8058  Phone
334-323-8888  Fax

T. Harold Pinkley
MILLER & MARTIN, LLP
1200 First Union Tower
150 Fourth Avenue North
Nashville, TN 37219
615-744-8548  Phone
615-744-8643  Fax

Lynda M. Hill
James T. Williams, IV
MILLER & MARTIN, PLLC
Volunter Bldg., Suite 1000
832 Georgia Avenue
Chattanooga, TN 37402-2289
423-785-6600  Phone
423-785-8480  Fax

**ATTORNEYS FOR TOTAL CONTAINMENT, INC.**
Elliott Britton Monroe
Jennifer McCammon Bedsole
Rachel Ellen VanNortwick
LLOYD, GRAY & WHITEHEAD, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, AL 35233
205-967-8822  Phone
205-967-2380  Fax

Lindsey M. Glah
William Pelosi
OBERMEYER REBMANN MAXWELL & HIPPEL LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Blvd

**ATTORNEYS FOR UNDERWRITERS LABORATORIES, INC.**
Walter E. McGowen
GRAY, LANGFORD, SAPP, MCGOWAN, GRAY & NATHANSON
Post Office Box 830239
Tuskegee, AL 36083-0239
334-727-4830  Phone
334-727-5877  Fax

Charles Donald Marshall, III
John Olinde
Brent Arnold Talbot
Robert S. Rooth
CHAFFE, McCALL, PHILLIPS, TOLER & SARPY
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
504-585-7226  Phone
504-544-6088  Fax

**ATTORNEYS FOR DAYCO PRODUCTS, INC. and MARK IV INDUSTRIES, LTD.**
Ann R. Koppel
Donna M. Borrello
James E. Blazek
Richard B. Eason, II
ADAMS and REESE LLP
4500 One Shell Square
New Orleans, LA 70139
504-581-3234  Phone
504-566-0210  Fax

John David Whetstone
ADAMS and REESE LLP
Post Office Box 1348
Mobile, AL 36633
251-433-3234  Phone
251-438-7733  Fax

2
323431v.1

Philadelphia, PA 19103-1895
215-665-3000  Phone
215-665-3165  Fax

Brian Taggart Mosholder
Joseph Terrace Carpenter
Nathan Craig Prater
CARPENTER PRATER INGRAM &
MOSHOLDER LLP
4121 Carmichael Road
303 Sterling Centre
Montgomery, AL 36106
334-213-5600  Phone
334-213-5650  Fax

Kimberly Wallace Sayoc
LIPPES SILVERSTEIN MATHIAS
WEXLER LLP
700 Guarantee Building
28 Church Street
Buffalo, NY 14202-3950
716-853-5100  Phone
716-853-5199  Fax

Larry Shane Seaborn
Myron C. Penn
PENN & SEABORN LLC
Post Office Box 688
Clayton, AL 36016
334-775-9778 Phone
334-775-9779 Fax

/s/ S. Lisa Frost
OF COUNSEL

141260

3

323431v.1

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                              :    Chapter 11

TOTAL CONTAINMENT, INC.            :

      Debtor                       :    Bankruptcy No. 04-13144F

..............................................

ORDER

..............................................

AND NOW, this 14th day of March 2006, upon the motion of Twin Oil Company and the Five Group Corp. for relief from the automatic stay,

And upon consideration of the chapter 11 trustee's opposition thereto,

And after an evidentiary hearing,

And the trustee agreeing that the proceeds of certain insurance policies are not property of the estate. See Matter of Edgeworth, 993 F.2d 51 (5th Cir. 1993); First Fidelity Bank v. McAteer, 985 F.2d 114 (3d Cir. 1993),

And the trustee intends to liquidate all of the assets of the estate and thus the debtor will not receive a bankruptcy discharge, pursuant to 11 U.S.C. § 1141(d)(3),

And the movants have not filed any claims in this bankruptcy case and the deadline for doing so has expired,

Accordingly, it is hereby ordered that the instant lift-stay motion is granted in part. The bankruptcy stay is modified so that the movants may exercise their non-bankruptcy law rights to prosecute all prepetition claims they may hold or assert against the debtor. However, the movants may not execute upon estate property or seek payment from estate property. To the extent a non-bankruptcy forum determines that the movants hold valid claims against the debtor, they may recover or obtain payment on those claims,

to the extent permitted by relevant non-bankruptcy law, only from the proceeds of the following insurance policies:

>Commercial General Liability Coverage, Policy No. 546-85-09, issued by Commerce & Industry Insurance Company of Canada for insured Les Placement CMI Inc., Total Containment Inc., "any past, present and/or future subsidiary or controlled companies as may be created or acquired" and "any of their pension plans, committee members, employee clubs and recreational organizations," covering the period from June 30, 1999 to June 30, 2000;

>Commercial General Liability Coverage, Policy No. CGL 0283361, issued by Gulf Insurance Company for insured Total Containment, Inc., covering the period from November 20, 1998 to November 20, 2000 at 12:01 A.M. Standard Time;

>Commercial Lines Policy, Policy No. PHPK000385, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., covering the period from January 24, 2001 to January 24, 2002 at 12:01 A.M. Standard Time;

>Commercial Lines Policy, Policy No. HULT100258, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., covering the period from January 24, 2000 to January 24, 2001 at 12:01 A.M. Standard Time;

>Commercial Excess Liability Policy, Policy No. PHUM400273, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., Morin, Inc. and American Containment, Inc., covering the period from January 24, 1999 to January 24, 2000 at 12:01 A.M. Standard Time;

>Commercial Lines Policy, Policy No. PHPG400594, issued by Philadelphia Indemnity Insurance Company for insured Total Containment, Inc., covering the period from January 24, 1999 to January 24, 2000 at 12:01 A.M. Standard Time.

2

Commercial General Liability Coverage, Policy No. CGL 0283361, issued by Gulf Insurance Company for insured Total Containment, Inc., covering the period from November 20, 1998 to November 20, 2000 at 12:01 A.M. Standard Time, plus all endorsements this policy.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Dimitri L. Karapelou, Esquire
Ciardi & Ciardi, P.C.
One Commerce Square, Suite 2020
2005 Market Street
Philadelphia, PA 19103

Deirdre M. Richards, Esquire
Obermeyer Reibman Maxwell & Hippel, LLP
One Penn Center, 19th Floor
1617 John F. Kennedy, Blvd
Philadelphia, PA 19103

3