IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAY'S DISTRIBUTING CO. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:06-cv-702-MEF |
| | ) | |
| TOTAL CONTAINMENT, INC., *et al.*, | ) | (WO - Recommended for Publication) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is now before the Court on Plaintiff's Motion to Remand (Doc. # 21). This is the second time that this case has been removed to this Court. On the first attempt at removal, this Court remanded the case to state court. Since that time, however, the Class Action Fairness Act of 2005 ("CAFA") came into effect. Defendants now argue that this Court has subject matter jurisdiction pursuant to CAFA. The Court has thoroughly considered the submissions of the parties in support of and in opposition to the motion. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that CAFA does not provide a basis for subject matter jurisdiction. Therefore, the Motion to Remand is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

May's Distributing Company, Inc. ("May's Distributing" or "Plaintiff") operates a business that distributes oil and gasoline products and operates convenience stores and retail gasoline stations. May's Distributing operates three gasoline distributing facilities, two of which had installed piping systems distributed by Total Containment, Inc. ("TCI"). The

Montgomery gas station's piping system was installed in 1997, and the Union Springs piping system was installed in 1994 and upgraded in 1997. May's Distributing alleges that the TCI pipe was designed, manufactured, marketed, sold, and distributed as a product that safely retains fuel using a pipe within a pipe system for added protection. May's Distributing further alleges that in September of 2002, it learned that the TCI pipe was defective and that, as a result of either that product defect or alleged defective installation, it was damaged. The Montgomery station experienced a number of serious gasoline leaks, allegedly due to the defective design and/or manufacture of the piping system. Dayco Products, Inc. ("Dayco") manufactured hoses for TCI, which TCI used in the piping systems it distrubited, from 1990 until 1997. Dayco did not manufacture the hoses that were used in the system installed in the Montgomery station, which burst.

On January 3, 2003, May's Distributing filed suit in the Circuit Court for Bullock County, Alabama. May's Distributing named TCI and Oil Equipment, Inc. ("Oil Equipment") as defendants. Later, May's Distributing filed Plaintiff's First Amended Complaint which added the following defendants: Dayco; Mark IV Industries, Ltd. ("Mark IV"); Parker Hannifin Corporation ("Parker"); Ticona Polymers, Inc. ("Ticona"); Shell Chemical L.P. ("Shell"); and Cleveland Tubing, Inc. ("Cleveland Tubing"). Subsequently, May's Distributing filed Plaintiff's Second Amended Class Action Complaint which added the following defendants: Atofina Chemicals, Inc. ("Atofina"); Elf Atochem North America, Inc. ("Elf"); and Underwriters Laboratories ("UL").

On March 4, 2004, TCI filed for bankruptcy protection in the United States

Bankruptcy Court for the Eastern District of Pennsylvania. On June 1, 2004, Cleveland Tubing removed this case to this Court pursuant to 28 U.S.C. §§ 1334, 1446, and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. As grounds for the removal, Cleveland Tubing argued that this Court had jurisdiction over the matter because it was "related to" TCI's bankruptcy.

On July 2, 2004, May's Distributing filed Plaintiff's Motion to Remand. Pursuant to 28 U.S.C. § 157(c)(1), the Court referred Plaintiff's Motion to Remand to a Judge of the United States Bankruptcy Court for the Middle District of Alabama for proposed findings of fact and conclusions of law. On January 21, 2005, Chief United States Bankruptcy Judge William R. Sawyer provided the requested proposed findings of fact and conclusions of law on Plaintiff's Motion to Remand. Specifically, Judge Sawyer recommended that the motion to remand be granted and that the civil action be remanded to the Circuit Court for Bullock County, Alabama. On February 16, 2005, this Court followed the recommendation of Judge Sawyer and remanded the case to state court on two alternative grounds: that there was no subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) because the case was not "related to" the bankruptcy proceeding, and that, even if subject matter did exist, permissive abstention was appropriate under 28 U.S.C. § 1334(c)(1).

After remand, May's Distributing filed two amendments to the complaint, which also occurred after the effective date of CAFA. In the Third Amended Complaint, filed September 29, 2005, May's Distributing added certain allegations related to UL. In the Fourth Amended Complaint, filed July 13, 2006, May's Distributing added to its statement

of facts and consolidated its claims against all defendants into one negligence claim.

Defendants Dayco and Mark IV (collectively, "Defendants") filed notice of removal on

August 8, 2006.  In this second removal, Defendants contend that this Court has subject

matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which

became effective on February 18, 2005.  May's Distributing filed its Motion to Remand on

August 29, 2006.

## II.  DISCUSSION

### A.    Can An Amended Complaint Commence a New Action Under CAFA?

CAFA broadens diversity jurisdiction in federal courts for certain class actions.

However, by its own terms CAFA is not retroactive and only applies to "any civil action

commenced on or after" Febrary 18, 2005.  CAFA, Pub. L. 109-2, § 9 (2005).  The purpose

of CAFA is to provide more equitable treatment of class actions by broadening federal

diversity jurisdiction over class actions with interstate implications.  CAFA gives federal

courts subject matter jurisdiction over class actions meeting the following criteria: the

number of plaintiffs exceeds one hundred; any one member of the plaintiff class is diverse

from any one defendant; the aggregate of the plaintiffs' claims exceeds $5,000,000. *See* 28

U.S.C. § 1332(d).  However, CAFA expressly provides that it is only to be applied to "any

civil action commenced on or after [February 18, 2005]."  CAFA, Pub. L. 109-2, § 9, 28

U.S.C. § 1332 note.  The parties do not dispute that this case meets the jurisdictional

requirements enumerated in § 1332(d).  The only issue presented is whether this action

"commenced" after February 18, 2005, the effective date of CAFA.

Defendants argue that Fourth Amended Complaint was such a dramatic change from the prior complaints, that it constituted a new claim against them. Therefore, for the purposes of CAFA, the current action "commenced" when the Fourth Amended Complaint was filed on July 13, 2006—well after the effective date of CAFA. May's Distributing disputes Defendants' interpretation of the original complaint and argues that the Fourth Amended Complaint is not a new claim.

The Eleventh Circuit has only substantively addressed the requirements of CAFA a handful of times, and there is no clearly enunciated precedent on this issue. In *Tmesys, Inc. v. Eufaula Drugs, Inc.*, 462 F.3d 1317, 1318 (11th Cir. 2006), the plaintiff filed its complaint before CAFA's effective date, but did not provide the summons, the certified mail card, or pay the postage until after CAFA's effective date. *Eufuala Drugs, Inc. v. Tmesys, Inc.*, 432 F. Supp. 2d 1240, 1246 (M.D. Ala. 2006) (Thompson, J.). The district court looked to Alabama state law and determined that under those circumstances the action had commenced on the date of filing, which meant that CAFA did not apply. *Id.* at 1244-50. On appeal, the Circuit affirmed the district court's ruling and held that state law determines when an action is commenced for purposes of CAFA. *Tmesys*, 462 F.3d at 1318. The Circuit did not address in *Tmesys* whether an amendment to a complaint could constitute a recommencement of an action under state law.

The Circuit's latest and most extensive opinion addressing CAFA was *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). In *Lowery*, the plaintiffs filed their claim in Alabama state court prior to the effective date of CAFA. *Id.* at 1188. However, the

plaintiffs amended their complaint *after* CAFA to add two defendants.  *Id.*  One of these

defendants, Alabama Power, filed a notice of removal in the Northern District of Alabama

pursuant to CAFA.  *Id.*  The plaintiffs responded with a motion to remand asserting that the

district court lacked jurisdiction because Alabama Power had failed to meet its burden of

proof regarding the amount in controversy, and that the action fell within the "local

controversy" exception to jurisdiction under 28 U.S.C. § 1332(d)(4).  *Id.* at 1189.  Plaintiffs

conceded that CAFA applied to Alabama Power, but argued that their claims against the pre-

CAFA defendants had to remain in state court.  *Id.* at 1195 & n.28.  The Circuit disagreed

and held that a valid removal by one defendant under CAFA removes the entire action to

federal court, even defendants to whom CAFA otherwise would not apply.  *Id.* at 1196.

Unfortunately, because the issue was conceded by the plaintiffs, the Circuit did not address

the issue presently before this Court: whether an amendment to a complaint can commence

a new action for the purposes of CAFA.  On that question, the only instruction offered by the

Circuit was:

> Courts have separately considered whether an action "commences" as to a
> newly added defendant—thus making CAFA applicable to that
> defendant—when a plaintiff amends its pre-CAFA complaint to add the
> defendant after the Act's effective date.  That question is determined by
> reference to state law, but because the parties here do not dispute the
> applicability of CAFA to Alabama Power, we need not consider it.

*Id.* at 1195 n.28 (internal citations omitted).  Given the fact that subject matter jurisdiction

can not be waived, *see, e.g.*, *United States v. Machado*, 465 F.3d 1301, 1306 (11th Cir. 2006)

("[D]efects in subject-matter jurisdiction require correction regardless of whether the error

was raised in district court."), the Circuit's failure to remand on that issue would itself be instructive were it not for the fact that the Circuit ultimately did remand the case back to state court on a different issue. *Lowery*, 483 F.3d at 1221.

While the Eleventh Circuit has yet to squarely address this question, it has been addressed by other circuits. In the majority approach, an amendment to a complaint does not commence a new action for CAFA purposes if the amended complaint "relates back" to the original complaint under state law. *See Braud v. Trans. Serv. Co.*, 445 F.3d 801, 806 (5th Cir. 2006); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006) *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *Prime Care of Ne. Kan. v. Humana Ins. Co.*, 447 F.3d 1284, 1289 (10th Cir. 2006). The minority approach, which has only been adopted by the Ninth Circuit, is a *per se* rule that an action commences for the purpose of determining the applicability of CAFA when the original complaint was filed, without regard to later amendments. *See McAtee v. Capitol One*, 479 F.3d 1143, 1148 (9th Cir. 2007).

Most of the district courts within this circuit addressing this issue have followed the majority approach. *See, e.g.*, *Waldman v. Cingular Wireless*, 2007 WL 1970858, at *3 (S.D. Fla. July 3, 2007) (applying relation back principles); *Eufaula Drugs, Inc. v. Scripsolutions*, 2005 WL 2465746, at *2 (M.D. Ala. Oct. 6, 2005) (same). This Court agrees with the majority approach and will look to the law of the State of Alabama to determine whether the Fourth Amended Complaint relates back to the original complaint.

**B.      Does the Fourth Amended Complaint Relate Back?**

Under Alabama law, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ala. R. Civ. P. 15(c); *Ex parte Johnston-Tombigbee Furniture Mfg. Co.*, 937 So. 2d 1035, 1045-46 (Ala. 2005).

In this case, Defendants argue that the Fourth Amended Complaint is essentially a brand new case against them based on an entirely different transaction or occurrence. Defendants allege that the original complaint was a suit relating to one particular type of hose installed in the Montgomery gas station. *See* Def. Opp. to Pl.'s Mot. to Remand at 11-12 ("The Third Amended Complaint contains four paragraphs of factual allegations relating to a specific product located in a specific place at a specific time."). Defendants point out that they did not manufacture the hoses for that system because Dayco had stopped manufacturing hoses for TCI in 1997. Defendants further argue that the amended complaint alleges defects in every type of hose Defendants designed or manufactured between 1990 and 1997, none of which were installed in the Montgomery gas station. For these reasons, the Defendants argue that the amended complaint is a new claim that can not relate back to the original complaint.

The original complaint alleges that "TCI flexible pipe," the pipe manufactured, sold, and distributed by TCI, was defective; that Defendants designed, sold, and manufactured component parts of the "TCI flexible pipe," and that Defendants negligently, recklessly, and/or wantonly designed, manufactured, and/or marketed a defective product. Nowhere

8

does the original complaint limit its claims to one particular type of pipe. The original

complaint does refer to the system installed in the Montgomery gas station in the statement

of facts, and states that system was "TCI flexible pipe." However, that does not mean the

original claim was limited to the *particular product line* of "TCI flexible pipe" installed at

one gas station, and the Defendants point to no language in the original complaint that limits

the claim to one product line of pipe.

Under the Alabama Rules of Civil Procedure, a complaint need only contain "a short

and plain statement of the claim." Ala. R. Civ. P. 8(a). A complaint is therefore sufficient

if it provides the defendant with adequate notice of the claims against them. *See Ex parte*

*Int'l Refining & Mfg. Co.*, --- So.2d ----, 2007 WL 1378331, at *3 (Ala. May 11, 2007). The

original complaint gave Defendants adequate notice that May's Distributing's claim arose

from their design, manufacture, and/or marketing of "TCI flexible pipe." The Fourth

Amended Compliant alleges that "TCI flex pipe was designed, manufactured, tested,

inspected and certified" in a negligent manner. Therefore, the Fourth Amended Complaint

arises out of the same "conduct, transaction, or occurrence" as the original complaint. While

the amended complaint did supplement its statement of facts with additional facts, none of

these additional facts were necessary components of new claims added to the complaint. *See*

*Johnston-Tombigbee*, 937 So. 2d at 1040-41 (holding that even additional facts integral to

new claim do not prevent amended complaint from "relating back" when additional claim

arises out of same transaction or occurrence as original complaint). Indeed, far from adding

new claims to their complaint, May's Distributing reduced the number of counts from ten in

the Third Amended Complaint to only one negligence count in the Fourth Amended

Complaint.  Accordingly, this Court finds that the amended complaint relates back to the

original complaint under Alabama law.  Consequently, the amended complaint did not

"commence" a new action, and CAFA does not provide a basis for subject matter jurisdiction

in this Court. Based on these findings, May's Distributing's Motion to Remand will be

granted.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

(1)  Plaintiff's Motion to Remand (Doc. # 21) is GRANTED;

(2)  This case is REMANDED to the Circuit Court for Bullock County, Alabama;

(3)  Any other pending motions are left for resolution by the Circuit Court for Bullock

County, Alabama; and

(4) The Clerk is DIRECTED to take appropriate steps to promptly effect the remand.

DONE this the 28th day of November, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.    **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)    **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)    **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)    **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)    **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)    **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.    <u>Time for Filing</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    <u>Format of the notice of appeal:</u> Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> <u>also</u> Fed.R.App.P. 3(c). A <u>pro</u> <u>se</u> notice of appeal must be signed by the appellant.

4.    <u>Effect of a notice of appeal:</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).